CASE 24—PETITION ORDINARY—JUNE 24.

# Bowen vs. Sebree and wife.

**APPEAL FROM FRANKLIN CIRCUIT COURT.**

1. By deed, dated December 12th, 1838, the husband conveyed a house and lot to a trustee in trust for the use of his wife for life, and, at her death, to the issue of herself and husband, if there should be any, and if none, then to her heirs or devisees, provided, that should she die before her said husband, the property was to revert to him and his heirs, &c. June 22d, 1863, the husband and wife signed a note for five hundred and twelve dollars, and executed a mortgage on the house and lot to secure the payment of the note. The holder of the note brought suit on the note, and also to foreclose his lien on the house and lot. *Held by the court*—That the plaintiff was entitled to a personal judgment against the husband, but not against the wife— that the estate of the wife in the house and lot was not separate estate—that the plaintiff was entitled to a judgment for the sale of the life estate of the wife, and the reversionary interest of the husband in the house and lot.

2. The separate estate of a married woman is that alone of which she has the exclusive control independent of her husband, and the proceeds of which she may dispose of as she pleases. (*Petty vs. Molier*, 14 *B. Monroe*, 247.)

G. W. CRADDOCK,                 For Appellant.

CITED—

*Rev. Stat., sec.* 2, *chap.* 24 (*Conveyances*).

*Story's Equity Jurisprudence, sec.* 385.

*Spencer's Equitable Jurisprudence, vol.* 1, *p.* 550.

2 *Devereux's Equity*, 430, 432.

4 *Iredell*, 236–8; *Ashcraft vs. Little*.

1 *Freeman*, 215; *Hunt and Tucker vs. Booth*.

1 *Freeman*, 218; *Edmunds vs. Hunt*.

7 *Sneed and Marshall*, 488–95; *Williams vs. Claiborne*.

3 *Gill and Johnson*, 505, 508 ; *Carroll vs. Lee*.

4 *Rawle*, 66, 73 ; *Evans and wife vs. Knorr*.

1 *Leading Equity Cases*, 412 ; *Hune vs. Tenant*.

T. N. LINDSEY,                          On same side,

CITED—

*Sec.* 13, *Act of* 1796.

13 *Ben. Monroe*, 383 ; *Bell & Terry vs. Keller*.

JOHN M. HARLAN,                          For Appellees,

CITED—

*Civil Code, sec.* 126.

*Rev. Stat., sec.* 17, *art.* 4, *chap.* 47.

2 *Rev. Stat.*, 28, 8, 32, *sec.* 23, *chap.* 80.

1 *Duvall*, 76 ; *Hutchinson vs. James*.

2 *Metcalfe*, 521 ; *Toombs vs. Stone*.

3 *Metcalfe*, 508 ; *Gaines vs. Poor*.

3 *Metcalfe*, 334 ; 2 *Met.*, 253.

4 *Metcalfe*, 96 ; *Hanly vs. Downing*.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

This was a suit in equity to foreclose a mortgage upon a house and lot in the city of Frankfort, and certain slaves, executed by U. B. Sebree and Lucinda, his wife, to the appellant, on the 22d day of June, 1863, as security for a debt of five hundred and twelve dollars, evidenced by the promissory note of said Sebree and wife of even date with the mortgage.

The appellee, Lucinda Sebree, besides relying on her coverture in bar of the action on the note as to her, by her answer set up a deed, dated the 12th day of December, 1838, from said U. B. Sebree to Henry Banks, conveying the house and lot to Banks in trust for the use of said Lucinda for life, and, at her death, to the issue of herself and said U. B. Sebree, if there should be any,

and if none, then to her heirs or devisees, provided, that should said Lucinda die before her said husband, the property was to revert to him and his heirs, &c.   She insisted, that, in consequence of the trust imposed, and the character of estate created by said deed, the same was inoperative as to her, and also resisted a foreclosure of the mortgage on the alleged ground that its execution by her was without consideration and procured by fraud. She made her answer a counter-claim, and prayed for a cancelment of the note and mortgage.

On final hearing, the circuit court rendered a personal judgment against U. B. Sebree upon the note, and adjudged a foreclosure of the mortgage as to the slaves; but decided that no personal judgment should be rendered against said Lucinda Sebree, because she was a married woman at the execution of the note, and that the plaintiff acquired no lien under the mortgage upon the house and lot, and that the attempt to charge the same by the mortgage was null and void; and to revise this judgment the plaintiff has appealed to this court.

We think the court properly refused to render a personal judgment against Lucinda Sebree for the reason suggested; but it is mainly insisted for the appellant that the court erred in refusing to adjudge a foreclosure of the mortgage upon the house and lot.

It is declared in *section* 17 *of article* 4, *chapter* 47, *of the Revised Statutes* (*vol.* 2, *page* 28), that " if real or personal estate be hereafter conveyed or devised for the separate use of a married woman, or for that of an unmarried woman to the exclusion of any husband she may thereafter have, she shall not alienate such estate with or without the consent of any husband she may have; but may do so when it is a gift, by the consent of the donor or his personal representative.   Such estates heretofore

created shall not be sold or encumbered but by order of a court of equity, and only for the purpose of exchange and re-investment for the same use as that of the original conveyance or devise; and the court shall see that the exchange or re-investment is properly made."

If the conveyance to Banks was such as to create in Mrs. Sebree a separate estate in the property, the right to convey it by the mortgage was interdicted by the statute, although the separate character of the estate was created before the adoption of the Revised Statutes. (*Daniel, &c., vs. Robinson,* 18 *B. Mon.,* 306.) But every conveyance in trust for the use of a married woman does not create a separate estate.

It was said by this court in *Petty vs. Molier* (14 *B. Mon.,* 247), that "the separate estate of a married woman is that alone of which she has the exclusive control, independent of her husband, and the proceeds of which she may dispose of as she pleases."

Whether this definition is entirely accurate or not, we are of the opinion, that, to constitute a separate estate within the meaning of the statute, it should be conveyed or devised for the *separate use* of the *feme* to the *exclusion* of her husband's marital rights therein.

The deed under consideration does not express either that it is made for the *separate* use of Mrs. Sebree or to the *exclusion of her husband;* but the plain import of the instrument is to vest the property in Banks "to the use and benefit of said Lucinda Sebree, annually to be applied and appropriated for her life—remainder to said U. B. Sebree, if he should survive the said Lucinda; but if he should not so survive her, then the remainder to their issue, if any, and if none, to her heirs or devisees." The estate thus created in Mrs. Sebree was not, in our opinion, a separate estate; but the deed must be regarded as

an ordinary conveyance of the property in trust for her use for life, with a contingent disposition of the remainder.

The 20*th section of chapter* 24, *Revised Statutes, volume* 1, 281, provides that " married women may convey any real or personal estate which they own, or in which they have an interest, legal or equitable, in possession, reversion, or remainder."

This provision has been construed by this court to apply to the *general* property of married women as contradistinguished from sepatate estates (*Stuart vs. Wilder*, 17 *B. M.*, 58); and we are of the opinion that the mortgage operated to convey to the appellant, as security for his debt, the use of the house and lot for and during the life of Lucinda Sebree. It was also a valid and enforceable conveyance of U. B. Sebree's contingent interest in remainder in the property.

It is, however, insisted for the appellees, that as the plaintiff did not reply to the answer, which, in its concluding paragraph, is denominated a counter-claim, with a prayer that the note and mortgage be canceled as to said Lucinda Sebree, the court should have treated the averments of the answer in avoidance of the mortgage as true, and accordingly adjudged a cancelment of the mortgage. It is true, that, by *section* 153 of the *Civil Code*, every material allegation of new matter in an answer constituting a counter-claim not specifically *controverted*, must, for the purposes of the action, be taken as true; but a pleading so to be treated as a counter-claim should not consist merely in facts constituting a defense, and pleaded as such, but it should present a *cause of action* in favor of the defendant, supported by every allegation necessary to uphold an original petition founded thereon. Testing the statements of the answer by this rule,

they do not, in our opinion, constitute a valid counter-claim, and should have been treated by the court as matter of *defense only*.

In our judgment, the circuit court erred in refusing to adjudge a foreclosure of the mortgage on the house and lot, to the extent of subjecting the contingent interest in remainder of U. B. Sebree, and also the use of the property for life of Lucinda Sebree, to the payment of the mortgage debt.

The judgment is therefore *reversed*, and the cause remanded for further judgment and proceedings not inconsistent with this opinion.