CHIEF JUSTICE HARDIN
delivered the opinion oe the court.
On the 21st day of June, 1866, the appellee, James P. Harbeson, intermarried with Mrs. Mary E. Shrevé, the widow of L. L. Shreve, deceased, by whose will she had derived an estate of considerable amount, consisting mainly of stocks, evidences of debt, and other personal property, and the uses and rents of real estate in the city of Louisville for and during her life. That estate, which was not materially changed before the marriage of the devisee with Harbeson, was reduced to his possession, and became subject to his marital rights, and constituted his principal fortune, he owning but little else at the time of the marriage.
It appears that for reasons indicating improvidence on the part of Harbeson, from which just apprehensions were entertained by both himself and his wife as to the safety of the estate in his hands, if it remained subject to his unrestricted management and control, they, on the 15th day of October, 1866, voluntarily united in a deed of trust specifically describing and conveying most of said estate to John M. Harbeson, substantially for the' following-recited considerations and objects, viz.: “For and in consideration of love and affection which the said James P. Harbeson has for his said wife, and in consideration of the fact that the property hereinafter conveyed was devised to the said Mary E. by the will of her late husband, L. L. Shreve, and that her rights and interests therein should be protected.”
The conveying clause of the deed which precedes the description of the estate is in these words:
“The said James P. Harbeson and Mary E. Harbeson, parties of the first part, have bargained, sold, transferred, made over, and conveyed, and do hereby bargain, sell, transfer, make over, and convey to said John M. Harbeson, party of *400 the second part, upon the trusts hereinafter declared, all and singular the following-described property and effects.”
And the clause of the deed declaring said trusts and defining the estate conveyed is in the following language:
“ Provided, however, and it is expressly declared, that this conveyance is made in trust and upon the condition that the said party of the second part shall and will hold the aforesaid property and effects, and the proceeds thereof, for the use and benefit of said Mary E. Harbeson free from any future charge or debt on the part of her husband, the said James P. Harbeson, and with express power hereby given her to use, sell, or exchange, or to re-invest or otherwise dispose of the whole or any part of said property and effects, and the proceeds thereof, in any manner she may think proper. And the said John M. Harbeson, party of the second part, accepts the foregoing conveyance and trust; but-he is not-bound to take any of said property, rents, effects, or proceeds into his actual possession, nor is he to be responsible for any part of said property, rents, effects, or proceeds thereof which do not come into his actual possession, or which have or shall at any time come to the hands of said Mary E. Harbeson, whose receipt for the same to said John M. Harbeson, or to any other person or persons, shall be a sufficient discharge and acquittance to him or them. Nor is he, the said John M. Harbeson, to be responsible for any acts in the premises but his own, nor for any omission.”
After the execution of the deed J. P. Harbeson and his wife continued to live harmoniously together, she taking mainly on herself the management of the estate until her death, which occurred on the 27th of December, 1870.
She died, leaving one child only, a son, born but a short time before her death, to whom and to others, to the exclusion of her husband, she had, by a paper purporting to be a will and written by herself, dated on the 7th of November, 1870, *401 before but in anticipation of the birth of said child, undertaken to devise the principal part of said estate.
The supposed will being proven and admitted to record, and the executors therein named refusing to qualify as such, W. O. Harris was appointed and qualified as administrator with the will annexed of Mary E. Harbeson, deceased, and shortly afterward instituted this action against J. P. Harbeson for the specific recovery of various articles of property, alleged to be of the value of thirty-five thousand one hundred and ninety-seven dollars, and including bonds and stocks and promissory notes, and, among other things, the jewelry and wearing-apparel of the decedent, the possession of all of which was, under orders of delivery, taken from the defendant, and delivered to the plaintiff upon his executing bond in conformity to section 211 of the Civil Code of Practice.
The defendant by his answer controverted the plaintiff's entire claim, denying that some of the property was embraced by the deed of trust or had ever belonged to his late wife; but as to the larger and more valuable part of it he admitted that he acquired it, or the means of procuring it, by reason of his marriage with her, and that most of it, including choses in action which might have survived to her had he died first, was embraced by said deed; but he denied that by either the deed or will he was divested of his marital rights as to the property of his late wife, which he claimed to own absolutely by virtue of the marriage, and as her surviving husband — the will being inoperative, as he alleged, as to the property in controversy, for want of legal capacity in the testatrix to dispose of it by will.
The cause was transferred to and tried in the Louisville Chancery Court, the trial resulting in a judgment dismissing the petition and ordering restitution of the property to the defendant; and from that judgment the plaintiff prosecutes this appeal.
*402 As Mrs. Harbeson, being a married woman, could only-have disposed by will, under section 4 of chapter 106 of the Revised Statutes, of “estate secured to her separate use by deed or devise, or in the exercise of a special power to that effect,” it is obvious that the will, if valid or effectual for any purpose, was inoperative as to the property in controversy, and did not therefore affect the appellee’s rights therein, unless by the terms of the deed of trust the property was impressed with the character of separate estate, or by that instrument or some other a special power was conferred on Mrs. Harbeson to dispose of it by will.
Except that it appears that she with her husband’s consent at one time sought and obtained authority to trade as a femme sole, which was no special power to make a will, there is no ground whatever for claiming that she had the right to devise the property, unless the terms of the deed of trust were such, either with respect to the character of the estate or a special testamentary power, as to enable her to do so.
Our consideration of the case is therefore properly' restricted, as we conceive, to two questions, both growing out of the deed of trust and involving its construction: First, did it create and vest in Mrs. Harbeson a separate estate in the property conveyed? Second, did it' confer on her a special power to dispose of the property by will?
If we look to the testimony taken and relied on by both parties as explaining the intention of the appellee and his wife in entering into the deed with reference to the kind of estate they meant thereby to create in her, it is sufficient to observe that that evidence, if competent, is so conflicting as to leave the question of intention at last to be determined from the context of the deed itself.
As to the peculiar and distinguishing characteristics of a separate estate in a married woman, as recognized and upheld by the law of this state, it should be that to which she has the *403 sole and exclusive right, independent of her husband, unaffected by any interest or use in him, and not subject to his control. (Petty v. Malier, 14 B. Monroe, 198; Bowen v. Sebree and wife, 2 Bush, 112; Shackleford, assignee, &c. v. Collier, &c., 6 Bush, 149.)
The deed in this case is certainly not only restrictive of the rights of the appellee, but to a great extent it operates absolutely to divest him of them; but it contains no words of entire exclusion of his marital rights of certain and definite technical import. We do not think the provision in the deed, “that the party of the second part shall and will hold the aforesaid property and effects, and the proceeds thereof, for the use of said Mary E. Harbeson free from any future charge or debt on the part of her husband,” means more than that he should not create charges upon it, and that it should be protected from liability for his debts; not that he might not share with his wife, subject only to the restrictions incident to the trust, the enjoyment of the uses and profits of the estate which the deed secured to her. And especially is this so as the appellee in divesting himself of the legal title failed to exclude himself from the use, which, being conferred on his wife, inured to him as a matter of law.
But whatever doubt may exist as to the correctness of this construction, if based alone on the last recited clause of the deed, it is, in our opinion, solved by the express declaration contained in the first clause, with reference to the fact that Mrs. Harbeson had derived the property by devise from her former husband, that it was conveyed in trust in order “ that her rights and interests therein should be protected.”
Notwithstanding her husband’s marital rights, she still had valuable and important rights, including those of survivorship and settlement, as to which it was but proper and reasonable that she should be protected by limiting her husband’s power over the estate without excluding him from the enjoyment *404 of its use. We concur with the court below that the deed did not create a separate estate.
The only remaining inquiry is as to the legal effect and extent of the power conferred on Mrs. Harbeson in the deed “ to use, sell, or exchange, or to re-invest or otherwise dispose of the whole or any part of said property and effects, and the proceeds thereof, in' any manner she may think proper.” Hoes the general language thus used, connected as it is with words conferring specific powers, to be carried into effect during the marriage, constitute a special power to dispose of the property by will within the meaning of the statute? We can not so construe it. On the contrary, in view of the restrictive spirit of the statute, we are of the opinion that by the words “special power” is meant a power which is specifically expressed, or at least clearly and unequivocally manifested, of disposing by will of some particular estate. Testing the language of the deed by this construction of the statute, we are clearly of the opinion that it did not confer the requisite power to enable Mrs. Harbeson to make a testamentary disposition of the property and effects in controversy.
Wherefore the judgment is affirmed.