VALENTINE THOMPSON, ET AL. *v.* WM. MCCLOSKEY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—899.]

**Will of Married Woman.**

A married woman, under Gen. Stat., ch. 113, § 4, may by will dispose of her separate estate but has no power to dispose of her general estate.

**Definition of the Phrase "Separate Estate."**

A separate estate is that to which a married woman has the sole and exclusive right independent of her husband, not subjected by his control or affected by any interest or use in him.

**Rules to Determine Whether Estate is a Separate One.**

It is not the right to the present use and enjoyment of property that determines a separate estate but it may be created and exist without reference to the quantity of interest in the property or the time of its enjoyment. It is sufficient if the feme covert has the sole and exclusive right to the estate devised or conveyed independent of any control or isterest of her husband, whether for life, in remainder or absolute fee.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 26, 1883.

OPINION BY JUDGE LEWIS:

In 1849, Michael Flynn, for the consideration expressed of $1, together with his natural love and affection for his wife, Mary Ann Flynn, as well as the property she brought to him out of her father's estate, conveyed to Frances Guinn a lot of ground in the city of Louisville in trust and to be for the sole and separate use, benefit and behoof of his said wife, Mary Ann Flynn, and her heirs and assigns; but all the rents and profits accruing thereon during the

life of the grantor to remain free from all claim or demand whatever of his wife and appertain to her said husband.

In 1880 Mary Ann Flynn died without issue, having made and published her last will, which was duly proved and admitted to record, devising all her right, title and interest in the lot of ground to the Right Reverend William McCloskey, Bishop of Louisville, and his successors in office, in trust for the objects and purposes mentioned in the will. This action was brought by appellants, her heirs at law, against appellees, Michael Flynn and Bishop McCloskey, who was also appointed and qualified as executor, to recover of the former the possession, and to divest the latter of the title to the property. Judgment dismissing their petition having been rendered the heirs at law have appealed.

The only question to be decided is whether by the terms of the deed from Michael Flynn to Frances Guinn, in trust, Mary Ann Flynn was invested with an estate which, under Gen. Stat. 1881, ch. 113, § 4, she could, while a married woman, dispose of by will, for if she was, appellants have no interest whatever in the property, and consequently no right of action against either of the appellees, on account of it. The section referred to is as follows: "A married woman may by will dispose of any estate secured to her separate use by deed or devise, or in the exercise of a written power to make a will."

It is obvious that the estate meant by the legislature, and intended by that section to give a married woman the right to dispose of by will, is what is understood to be "separate estate," as contradistinguished from her general estate, which the statute does not give her the power to so dispose of. It follows, therefore, that if the character of separate estate was imparted to the property, by the deed from her husband to Guinn in trust for her, the testatrix had the right to devise it as she has done.

As heretofore defined by this court, "Separate estate in a married woman * * * should be that to which she has the sole and exclusive right, independent of her husband, unaffected by any interest or use in him, and not subject to his control." *Harris v. Harbeson,* 9 Bush (Ky.) 397. The words used in the deed in this case are apt and appropriate, and clearly express an intention to create a separate estate in the wife, exclusive of the use or control of the husband; for not only is it expressly declared in the deed that the

estate conveyed is to be for her sole and separate use and benefit, but it is implied by the reservation that all the rents and profits accruing during the husband's life shall remain free from all claim or demand whatever of his wife and appertain to him, the legal effect of which reservation was that he retained a life estate only in the property, the estate conveyed to the wife being the remainder in fee.

Counsel for appellants contend that "no separate estate can exist where the husband may control the use of the property and take the rents and profits; that there can be no present separate use in a vested remainder." If to create a separate estate it be necessary that the wife shall have the absolute fee, and the present use and enjoyment of the rents and profits of the property to the exclusion of the husband, of course no separate estate was created by the deed from Michael Flynn, the husband, for he expressly reserved to himself the rents and profits of the property during his life.

But there is a difference, which should be observed, between the property conveyed and the estate held by the wife in it. The language of the statute quoted is that "A married woman may by will dispose of any estate secured to her separate use," etc. In this case her estate was in remainder, and though vested was not to take effect until the termination of the life estate of her husband. The husband by the terms of the deed had the use and control of the property and the benefits of rents and profits during his life. But of her estate the testatrix, though without the right to the rents and profits during the life of her husband, had the use and control exclusive of her husband.

It is not the right to the present use and enjoyment of property that determines a separate estate, but in our opinion it may be created and exist without reference to the quantity of interest in the property or the time of its enjoyment. It is sufficient if the feme covert has the sole and exclusive right to the estate devised or conveyed, independent of any control or interest of her husband, whether it be for life, in remainder or absolute fee. It is indispensable to the existence of separate estate that there be rents or profits arising out of the property of which it consists, the present actual use and enjoyment of which the feme covert shall have. We must go to the absolute conclusion that the character of the estate must be determined by the situation and quantity of the property,

there being no such thing as separate estate in unproductive real property.

But even if it was essential that the feme covert should have the use and enjoyment of the property, in the sense of deriving actual support and benefits therefrom, still in this case not only might the interest of the testatrix have been sold for the purpose of exchange or reinvestment in other property to which she would have had the fee-simple title, but she had under the deed the right, contingent upon surviving her husband, to the actual enjoyment of the use of the property conveyed. We are unable to see why the power of the testatrix to dispose of her estate by will, which is one of the necessary incidents of a separate estate, did not also exist.

The judgment must be *affirmed*.

*Wm. Lindsay, John C. Walker, for appellants.*

*Muir & Hayman, for appellees.*