Anderson Trail, et al. *v.* William Trail, et al.

[Abstract Kentucky Law Reporter, Vol. 7—306.]

**Creation of Separate Estate by Antenuptial Contract.**

An antenuptial agreement provides that the wife shall have and retain the title to her property and all property that may descend to her or be purchased by her, and the husband should have the same rights as to his property. It is held that this agreement converted the estate of the wife into a separate estate, so as to vest in her the right to dispose of it by will under Gen. Stat. 1883, ch. 113, § 4.

APPEAL FROM SIMPSON CIRCUIT COURT.

October 13, 1885.

Opinion by Judge Pryor:

This case involves the construction of an antenuptial contract entered into between James N. Caldwell and Elizabeth Trail. In contemplation of the marriage about to be consummated and with a view of securing to each the property then owned by them to the exclusion of the other, they entered into an agreement by which all the property then owned by either of the parties or that might thereafter come to them by gift, descent or purchase was to be under the entire control, use and enjoyment by the one having the title. This included all the estate "in possession, remainder or expectancy, and any and all property, real, personal or mixed, that might at any future period of time descend or be given to her or be purchased with her means."

"The title to all such estate or money to be and remain in the said Elizabeth as fully and as completely as if she were to remain unmarried, the said James N. having no right by the terms of the contract to control the title to said property or to have the same controlled for his use and benefit." This was vesting in the wife the title, use and control of her estate to the exclusion of her husband providing for the wife; and, showing plainly the purpose and intent of the parties, the covenant by the intended wife to the husband is that she is not to have the title, general or special, in or to any of the estate of the said James at any time whatever, either dower or otherwise.

After the marriage Mrs. Caldwell (formerly Trail) died without leaving children and soon thereafter the husband died. Mrs. Caldwell executed a will devising her estate to these appellees, thereby excluding the appellants, who would have been entitled as her heirs at law to a portion of the inheritance. The statute provides that "a married woman may by will dispose of any estate secured to her separate use by deed or devise or in the exercise of a written power to make a will."

There can be no question as to the character of the estate held by the wife as between herself and husband. He had no right or title in the property, but it remained in the wife as if she had never married, the husband having no right to control it for his own use and benefit in any manner; and while the words of exclusion are not expressed in as certain or definite language as to the right of the husband, should the wife die first, as we find it in the covenant to the husband, should he die before the wife, still, looking to the entire instrument with a view of ascertaining the intention of the parties, it is manifest that the wife was to have no interest in the estate of the husband, as wife or as widow, and the husband took no interest in any estate of the wife. They stood towards each other in reference to the right of property as if the marriage had never taken place. To create a separate estate in the wife the instrument relied upon must express the intention to do so, or such language must be used as shows a purpose to exclude the husband or such as renders the use and enjoyment by the wife entirely incompatible with the right to use and enjoy it by the husband. This court has said in several cases that "no particular form of words is necessary to create a separate estate so that it clearly appears that the title was passed and accepted with the intention that it should vest in the feme for her own benefit to the exclusion of her husband. *Shackleford v. Collier,* 6 Bush (Ky.) 149; *Bowen v. Sebree,* 2 Bush (Ky.) 112. The wife had the exclusive control and use of the property independently of her husband, and was vested by the agreement to the absolute title in all that she might thereafter obtain. The marital rights were surrendered by each one of the parties by the antenuptial agreement, and this converted the estate of the wife into separate estate, so as to vest in her the right to dispose of it by will under Gen. Stat. 1883, ch. 113, sec. 4. The estate, real or personal, belonging to the wife, prior to the

marriage, was her general estate with the power to dispose of it as she saw proper, because laboring under no disability. While in this condition, being fully competent to contract, the antenuptial contract is made between the parties, by which the character of the estate is changed so that she retains the title, use and enjoyment to the exclusion of what in the absence of such an agreement have been the rights of the husband. This constitutes it separate estate and the will made by the wife passed the title to the devisees.

Judgment *affirmed*.

*Whitesides & Moore, for appellants.*

*Milliken & Bush, T. M. Goodnight, J. H. Goodnight, for appellees*