Judge Nicholas
delivered the Opinion of the Court
in which the Chief Justice, being absent at the hearing, took no part.
The indictment charges Pryor with setting up and keeping a gaming table, at which the game of chance called Faro was played for money, and at which money was won and lost. The proof was, that bank notes were played for, won and lost.
This court has heretofore repeatedly determined7 that the term money, though it may have a popular import which, in ordinary parlance, means, or at least includes, hank notes ; yet, that its true technical import is lawful money of the United States, in other words, gold or silver coin, and when used in, judicial proceedings it is always to be taken in this technical sense. This has been so repeatedly decided, that the question ought long ago to have been, considered as at rest. Though the betting of bank notes is equally illegal, and-would render the defendant liable to the same penalty as the betting of money, yet as the proof must fit the charge as laid, the charge was not made out in ibis case, and the court ought so to iiave instructed the jury, at the instance of the defendant. If the charge had been for a betting, winning and losing of bank notes, it would have been no better sustained by proof of a betting, with gold and silver coin.
The court, also erred, in refusing the defendant the right of peremptory challenge to the extent of three jurors. It was held in the case of Montee vs. the Commonwealth, 3 J. J. Marshall, that the statute was susceptible of a construction, which would allow to the accused such right of peremptory challenge. We still think so.
*299 That case has probably most generally regulated the practice on this subject ever sinpe. That would be a strong reason against retracting the opinion then intimated, even though we felt more doubt than we do of its correctness. The statute is, no doubt,' susceptible of a different construction, which would confine its provisions to civil cases. But as no reason of justice or policy can be surmised for allowing such right in a-merely civil'case, that does not equally require it in these penal proceedings, we cannot presume a legislative intention to make any such discrimination, and if there be an allowable construction, which will prevent it, such construction should be adopted by the court.
Judgment reversed, and cause remanded for? a new trial consistent herewith.