INDICTMENT.

# Ashlock *vs* Commonwealth.

ERROR TO THE FAYETTE CIRCUIT.

*Case* 13.      *Jurisdiction.   Faro Bank.   Gaming.   Commonwealth's*
*Attorneys.*

*September* 21.      JUDGE BRECK delivered the opinion of the Court.

*Case stated.*      ASHLOCK was indicted in the Fayette Circuit Court for setting up and keeping a gaming table or Faro Bank, at which money, bank notes and property were bet, won and lost; and a verdict and judgment having been rendered against him, he has brought the case to this Court for revision.

Various objections were made to the proceedings in the Court below, and are now presented for consideration in this Court.

And 1st. It is contended that the Court below had no jurisdiction.

In February, 1845, an act was passed by the Legislature, conferring upon the City Court of Lexington exclusive jurisdiction of all pleas of the Commonwealth, arising within the limits of the city of Lexington, except cases of felony. As the offence charged in the indictment in this case was committed within the limits of the city of Lexington, it is insisted that after the passage of the act referred to, the Fayette Circuit Court had no jurisdiction of it. But we are not prepared to give that act so broad a construction. At its passage the case was pending in that Court, which had jurisdiction to hear and determine it. As no provision is made in the act for the removal or trial of cases of this kind then pending in the Fayette Circuit Court, we are not authorized to presume that it was the intention of the Legislature to deprive that Court of jurisdiction.

*The exclusive jurisdiction conferred upon the City Court of Lexington to*      The exclusive jurisdiction conferred upon the City Court, must, we think, have reference to cases arising subsequent to the passage of the act, or to cases or proceedings subsequently to be commenced or instituted.

2d. It is contended that the case had in effect been dismissed when process issued upon the indictment, and was served upon the defendant.

It appears that at the March term, 1844, no process having been served upon the defendant, the following order was made in this case:

"On motion of the Commonwealth's Attorney, it is ordered that this case be struck off the docket, with leave to reinstate it hereafter by motion." ·

In May, 1844, further process issued upon the indictment, and was served upon the defendant; and afterwards, at the September term, the case, on motion of the Attorney for the Commonwealth, was reinstated upon the docket.

An order striking a suit from the docket, made on motion of the plaintiff, and without reservation or qualification, we should be inclined to regard as a voluntary dismissal or discontinuance, and as placing the case, after the term when the order was made, beyond the power of the Court. But here the right to reinstate the case upon the docket being expressly reserved, the order, we think, should not be construed as a dismissal or discontinuance, but as a mere removal, or omission of the case upon the docket. If right in this construction of the order, the case was still in Court, and the issuing and service of process before it was replaced upon the docket, was not unauthorized or invalid.

The order is, however, in our opinion, unusual, and we would not be understood as approving such a rule of practice, perceiving no necessity, nor sufficient reason for it, and it may have the effect to delude and entrap litigants.

3d. An objection was made to the Judge who tried the cause, upon the ground that he as Attorney for the Commonwealth, had prepared the indictment, and was interested in the fine that might be recovered and collected. The objection was properly overruled. As to the first branch of it, it is not of a character deserving consideration; and it is a sufficient answer to the second, that it is not true in point of fact.

---

*Margin notes:*

ASHLOCK *vs* COMMONWEALTH

hear and determine cases of breach of the penal laws of the State, except felonies, did not take away the right of the Fayette Circuit Ct. to decide all cases then depending in that court for breaches of the penal laws.

An order striking a cause from the docket, on motion, shall be regarded as a discontinuance thereof; but on reservation of the right to reinstate the case, should not be construed to be a dismissal or discontinuance.

ASHLOCK
*vs*
COMMONWEALTH

Attornies for the
Com'th. are not
entitled, under
the statute, to
any part of the
fine imposed for
keeping gaming
tables, &c., un-
less they prose-
cute to *convic-
tion*.

The provision in the statute is, that any prosecuting Attorney, who shall prosecute any person to *conviction* under the act, shall be entitled to 25 per cent. on the amount of such fine as shall be collected. The mere fact that the indictment was found while the Judge was the Attorney for the Commonwealth, entitled him to no part of the fine that might be recovered.

But whether if the fact had been as stated, and the Judge would have been entitled to a portion of the fine that might be recovered, the objection could have been rendered available by the defendant, it is not necessary to decide.

4th. It is objected that the Court misdirected the jury as to the law of the case, and that the verdict was not sustained by the proof.

The proof is, that the defendant dealt the game of Faro in the city of Lexington. That betters deposited with him bank notes, and received from him ivory checks, indicating certain amounts, and that these checks were bet upon the game as the representatives of money or bank notes, and were so recognized by both parties. When the better ceased betting, if he had checks he received from the defendant, in bank notes or money, the aggregate amount which they indicated. That the checks were of no value, except for the purpose for which they were used.

The betting of
checks or count-
ers, at a Faro
Bank, which is
agreed and un-
derstood by the
parties, repre-
sent money or
bank notes, and
for which money
or bank notes is
paid by either
winner or loser,
is a violation of
the statute, and
if proved, sus-
tains the charge
of keeping a Fa-
roTable at which
money and bank
notes was bet.

It is contended that the betting of these checks, although used as the representatives of bank notes, was not a betting of bank notes, any more than the betting of bank notes, which are the representatives of money, would be a betting of money. It is true it has been decided by this Court, *Prior* vs *Commonwealth*, (2 *Dana*, 298,) that a charge of keeping a Faro Bank, at which money was bet, is not sustained by proof that bank notes were bet. But there is a very obvious distinction, we think, between that case and this—between betting bank notes and the betting checks, as used in playing the game in this case. In one case the bank note is a thing of value, wholly irrespective of betting at a Faro Bank, and is, in point of fact, the thing and the only thing that is bet. If lost, the party looses the bank note and nothing else. In the other

case, the check is not, in reality, the thing bet, for if so, nothing of value would be bet, the checks being of no value except in playing the game. But the check in this case was used and staked merely to indicate the amount of money, or rather bank notes, (as the betters had deposited with the defendant bank notes for the checks,) which the better staked, and if he lost, it was not in reality a loss of the checks, but the loss of the bank notes, to the amount which the check denoted. The checks were mere counters in playing the game. In this view of the case, the charge in the indictment that the defendant kept a gaming table, at which money, bank notes and property were bet, won and lost, is fully sustained by the proof. The proof is, that bank notes were bet, won and lost.

In regard to the objection that the Court misdirected the jury as to the law of the case, we need only remark, that no error is perceived in that respect, to the prejudice of the defendant.

But lastly, it is perceived that the judgment is for $600. The fine imposed by the statute, is only $500. No notice appears to have been taken of this error in the Court below, nor has it been noticed by counsel in this Court and expressly relied on; but as it is a palpable error and confessed by the Attorney General, the judgment is reversed and the cause remanded, that a judgment may be entered for $500.

*Pindell* for plaintiff; *Cates, Attorney General,* for Commonwealth.