CASE 24—INDICTMENT FOR MISDEMEANOR—JANUARY 7.

# Commonwealth v. Bottoms.

APPEAL FROM ADAIR CIRCUIT COURT.

1. PRACTICE IN CRIMINAL CASES—FILING AWAY WITH LEAVE TO REINSTATE.—An order made by consent of the defendant filing away indictments in prosecutions against him, with leave to reinstate without notice and to carry said prosecutions to final trial and judgment should the said defendant again be guilty of the offense charged in such indictments, is merely an indefinite continuance of the cases and the exoneration of any bail for the defendant's appearance, and upon reasonable notice being given to the accused, the cases might stand for trial at any term of court, with or without showing a violation of the promise made by the defendant.

2. SAME—LIMITATION.—In such case, limitation did not run in favor of the defendant.

N. H. W. AARON, COMMONWEALTH'S ATTORNEY, AND W. S. TAYLOR, ATTORNEY-GENERAL, FOR APPELLANT.

1. The order made filing away the prosecutions against Bottoms did not operate as a discontinuance and final disposition of said cases. Ashlock v. Com., 7 B. M., 44; Henry v. Com., 4 Bush, 427.

Commonwealth v. Bottoms.

2. Limitation did not run in favor of the defendant while the indictment was filed away with his consent. :

ROLLIN HURT FOR APPELLEE.     (No brief on file.)

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

At the January term, 1894, the appellee, Joe Bottoms, being under indictment in eight separate cases for unlawfully selling spirituous liquors, the following order was entered in the Adair Circuit Court, where said indictments were pending: "This day came the attorney for the Commonwealth, and Joe Bottoms, the defendant in the eight following prosecutions, Nos. 895, 946, 947, 948, 949, 950, 951, and 952, all upon the charge of unlawful selling of spirituous liquors in this county; and upon the faith of the promise of said Bottoms to forever cease and abstain from selling such liquors in this county, directly or indirectly, in person or through another, these indictments are now filed away, with leave to reinstate without notice, and to carry said prosecutions to final trial and judgment, which is to be done in the event that said Bottoms should at any time violate said promise." In 1898 the appellee was indicted, tried, and convicted of selling spirituous liquors in Adair county, and thereafter the attorney for the Commonwealth directed the clerk of the circuit court to redocket the eight cases against the appellee, and to issue process thereon, which was done. The appellee, in answer to that process, came into court, and filed a written motion to strike this case from the docket. The reasons assigned in said written motion are that the order above is a *nolle prosequi* and a discontinuance of the cases against appellee; that the clerk had no authority in law to redocket the cases; that the prosecution, by the order, was discontinued for more than one year—the statutory period of

limitation that bars prosecutions for such offenses. The court on this motion heard proof as to the order, the subsequent violations and convictions therefor, and the written order to the clerk to redocket, and then rendered judgment sustaining the motion to strike the prosecutions from the docket, and dismissed the cases; and from that judgment this appeal is prosecuted.

In the case of Ashlock v. Com., 7 B. Mon., 44, this court said: "An order striking a suit from the docket, made on motion of the plaintiff, and without reservation or qualification, we should be inclined to regard as a voluntary dismissal or discontinuance, and as placing the case, after the term when the order was made, beyond the power of the court. But here the right to reinstate the case upon the docket being expressly reserved, the order, we think, should not be construed as a dismissal or discontinuance, but as a mere removal or omission of the case upon the docket. If right in this construction of the order, the case was still in court, and the issuing and service of process before is was replaced upon the docket was not unauthorized or invalid." In the case of Henry v. Com., 4 Bush, 428, this same construction was put upon an order as follows: "And, as to the defendant Barnett, this cause is filed away, with leave." We know of no law that authorizes the order to file away an indictment with leave to redocket, but such has been the practice for years in this State, where the defendants in prosecutions are not before the court, and repeated efforts on the part of the officers have failed to bring them before the court. When the defendant is before the court and the case stands for trial, we are not aware of any law or rule of practice that would authorize the attorney for the Commonwealth, on his own motion, to file the indictment away, on conditions, and hold the

prosecution *in terrorem* over the defendant; and we do not approve of such practice. However, such was done in this case, and with the consent of appellee, and upon terms; and, it being shown that the terms had been violated by appellee, he should not complain if the attorney for the Commonwealth prosecutes the indictment to trial, as the agreed order recites he may do. Nor is there anything in the order itself, or its effect, that forbids such action by the Commonwealth. The legal effect of such an order was simply a continuance indefinitely, and an exoneration of any bail for appearance, unless the contrary should appear in the order; and, upon reasonable notice being given to the accused, the case might stand for trial at any term of court. We think this might be done without showing a violation of the promise to abstain from further violations.

We are of opinion that this order did not discontinue the prosecution, and that the statute of limitation does not apply as a bar by reason of the order. The cases may be redocketed, and proceed on the original indictments presented, the same as if they had remained on the docket, and a formal order of continuance made from term to term. For the reasons given, the judgment is reversed, and case remanded for proceedings consistent herewith.