CASE 66—HIRAM JONES WAS INDICTED FOR MURDER AND FROM AN OR-
DER "FILING AWAY" THE INDICTMENT HE APPEALS.—JAN. 28.

# Jones v. Commonwealth.

### APPEAL FROM BELL CIRCUIT COURT.

FROM AN ORDER "FILING AWAY" AN INDICTMENT, DEFENDANT AP-
PEALS. REVERSED.

CRIMINAL LAW—SPEEDY TRIAL—BILL OF RIGHTS—FILING AWAY IN-
DICTMENT—FINAL ORDER—APPEAL.

Held:   1. Bill of Rights, section 11, provides that in prosecutions
by indictment or information accused shall have a speedy trial.
Accused was indicted and appeared, and the case was set for
trial, and afterwards continued by consent till the next term,
accused being released on bail. On being then called for trial,
the Commonwealth's attorney announced that he was not ready,
and moved the court to discharge the witnesses, and accused
from his bond, and to file the indictment away, with the right
to reinstate it on the Commonwealth's motion.   The motion was
sustained over accused's objection and insistence on a trial or
dismissal. HELD, error as the practice of filing away indict-
ments is not to be indulged where the accused has been served
with process, and objects to the order.

2. An order "filing away" an indictment, to be reinstated on the
docket on the Commonwealth's motion, is sufficiently final to be
appealable.

SMITH & INGRAM, FOR APPELLANT.

The appellant was indicted in the Bell circuit court for mur-
der.  When the case was called for trial the Commonwealth's at-
torney refused to go into trial and moved the court to file away
this case (and another for wrecking a train) with leave to re-
docket on his motion, which motion was sustained by the court
over the objection of the defendant, from which order defendant
appeals.

We contend that such practice in criminal cases is contrary to
section 11 of the Constitution, wherein a defendant is guaran-
teed "a speedy and public trial."

No notice is required to be given to the defendant of said
motion, and the defendant is not given the right to have the
case redocketed, but he must remain in court for years, sub-

ject to be called upon at any time to make his defense, but can not have a trial without the consent of the Commonwealth's attorney.

There may be some question as to whether the order is such a one as can be appealed from. We think the motion was in substance a motion to dismiss the indictments and that the effect of the order is to do so, and that so much of the order authorizing the attorney for the Commonwealth to have the case redocketed is illegal, and we ask the court to reverse the judgment with directions to the lower court to enter an order dismissing the indictments, or to set aside the order and grant defendant a "speedy trial."

CLIFTON J. PRATT, ATTORNEY GENERAL, AND M. R. TODD, FOR THE COMMONWEALTH.

We insist that the order of the lower court filing the indictments away and dismissing the defendant and witnesses is not and can not be, under the practice and in this State, subject to an exception or consideration for review in this State. Kennedy v. Com., 14 Bush, 340; Criminal Code, secs. 280, 335; Terrell v. Com., 13 Bush, 246.

OPINION OF THE COURT BY JUDGE SETTLE—REVERSING.

The appellant, Hiram Jones, was indicted by the grand jury of Bell county for the murder of one James Shumate, resulting, as alleged, from the willful, wanton, and malicious act of the appellant in placing obstructions on the railroad track, whereby an engine and cars of which Shumate had charge as engineer were derailed and wrecked, and he crushed and wounded to such an extent that he at once died. The indictment was returned and filed in the Bell circuit court October 18, 1901. On the same day appellant appeared in court, and the case was, by order of the court, set for trial on the seventeenth day of the term in progress. Thereafter (and presumably on the seventeenth day) a continuance of the case was granted the appellant, and by consent of parties it was set for trial on the thirteenth day of the succeeding May term. The appellant was thereupon allowed bail in the sum of $2,000. On the sixteenth day

of the May term, 1902, the cause was called for trial, and appellant being again in court, answered that he was ready for trial; but the Commonwealth's attorney announced that the prosecution was not ready for trial, and moved the court to discharge the witnesses, and the appellant from his bond, and to file the indictment away, with the right to reinstate it on motion of the Commonwealth, to which motion appellant objected, and insisted that the case be dismissed, or that he be granted a trial; but, notwithstanding his objection ,the motion of the Commonwealth's attorney was sustained, and the indictment, by order of the court, was filed away, with leave to redocket upon motion of the Commonwealth's attorney. To the order thus disposing of the indictment, and to the refusal of the court to grant him a trial, appellant excepted at the time, and prayed an appeal to this court, which was granted.

The practice of filing away indictments, though never authorized by legislative enactment, has long obtained in this State. It either came to us as a part of the common law, or was devised by some one or more of the pioneer jurists of our Commonwealth, to whose wisdom we are indebted for much that is good in our present system of jurisprudence. At any rate, the long continuance of the practice, and its convenience as well, admonish us that it would be unwise to abrogate it altogether. We think it the better policy, therefore, in determining whether this practice should have been followed in the case before us, to lay down some general rules which will indicate to the circuit courts the limitations that should be observed in the future attempts to follow it. This court has in two instances decided that the filing away of an indictment with leave to reinstate did not operate as a dismissal thereof, but only as a discontinuance of the case for the time being. The

first case in which the court so held was that of Ashlock v.
Com., 7 B. Mon., 44. Ashlock was indicted in the Fayette
circuit court for maintaining a faro bank. At the next
term of the court, no process having been served on the de-
fendant, the following order was entered in the case: "On
motion of the Commonwealth's attorney, it is ordered that
this case be stricken from the docket, with leave to rein-
state it hereafter by motion." Subsequently process issued
upon the indictment, and was served upon the defendant,
and at the succeeding term of the court the case, on motion
of the attorney for the Commonwealth, was reinstated upon
the docket, after which there was a trial, resulting in the
conviction of the defendant. In considering the exception
taken to the orders of the circuit court filing away and
redocketing the case, this court said: "An order striking
a suit from the docket, made on motion of the plaintiff, and
without reservation or qualification, we should be inclined
to regard as a voluntary dismissal or discontinuance, and as
placing the case, after the term when the order was made,
beyond the power of the court. But here the right to rein-
state the case on the docket being expressly reserved, the
order, we think, should not be construed as a dismissal or
discontinuance, but as a mere removal or omission of the
case upon the docket. If right in this construction of the
order, the case was still in court, and the issuing and ser-
vice of process before it was replaced on the docket was
not unauthorized or invalid. The order is, however, in our
opinion, unusual, and we would not be understood as ap-
proving such a rule of practice, perceiving no necessity nor
sufficient reason for it, and it may have the effect to delude
and entrap litigants." The second case that came before
this court in which the practice of filing away indictments
was called in question was that of Com. v. Bottoms, 105

Ky., 222 (20 R., 1159) 48 S. W., 974, and involved a con-
struction of an order entered in the Adair circuit court,
whereby eight several indictments pending in that court
against one Joe Bottoms for the unlawful selling of spirit-
uous liquors were filed away, with leave to reinstate with-
out notice, with the consent and upon the promise of Bot-
toms that he would not again sell such liquors.  But later
Bottoms was again indicted, tried, and convicted for a sim-
ilar offense, and thereafter the eight indictments were, by
direction of the Commonwealth's attorney, redocketed by
the clerk of the court, and process issued thereon against
Bottoms, who appeared in court, and filed a written mo-
tion to strike the indictments from the docket, which mo-
tion was sustained by the court.  In reversing the judg-
ment of the lower court in thus disposing of the indict-
ments, this court said:  "Where the defendant is before the
court, and the case stands for trial, we are not aware of
any rule of practice that would authorize the attorney
for the Commonwealth on his own motion to file the indict-
ment away on conditions, and hold the prosecution *in
terrorem* over the defendant, and we do not approve of such
practice.  However, such was done in this case, and with
the consent of the appellee, and upon terms; and it being
shown that the terms had been violated by the appellee,
he should not complain if the attorney for the Common-
wealth prosecutes the indictments to trial, as the agreed
order recites he may do; nor is there anything in the order
itself, or its effect, that forbids such action by the Com-
monwealth.  The legal effect of such an order was simply
a continuance indefinitely, and an exoneration of any bail
for appearance, unless the contrary should appear in the
order; and, upon reasonable notice being given to the ac-
cused, the case might stand for trial at any term of court.

Jones v. Commonwealth.

We think this might be done without showing a violation of the promise to abstain from further violations." The facts of the case before us are in many respects unlike those of the two cases mentioned. In the first case the accused, Ashlock, had not been served with process, and was not in court when the order taking the indictments from the docket with leave to reinstate was entered. In the second, Bottoms was in court in obedience to its process when the order was taken and gave his consent thereto; but in this case the appellant, Jones, was under bond for his appearance, and upon the calling of the case for trial he was present with his witnesses, and demanded a trial, which was refused, and the indictment, over his objection and protest, was stricken from the docket, with leave to the Commonwealth's attorney to have it reinstated at his will. We regard this action of the lower court as an abuse of the rule of practice in question, and we do not hesitate to declare that an indictment should never be so disposed of when the accused, being present, objects thereto, and in good faith demands a trial. The Constitution of our State provides that "in all criminal prosecutions the accused has the right to be heard by himself and counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor;" "and in prosecutions by indictment or information he shall have a speedy trial by an impartial jury of the vicinage." Const. (Bill of Rights), section 11. These guaranties are for the protection of the citizen, and no rule of practice, however ancient or sacred, should deprive him of them. We do not hold that in no case should the "filing away" of an indictment be allowed, for it is permissible when done before the arrest of the defendant, or before service of process upon him, and

Jones v. Commonwealth.

it should certainly be allowed where the defendant is present in court and consents, or fails to object, thereto.

It is contended for the Commonwealth that the order appealed from is not final, and, if so, that the appeal should be dismissed. In a sense the order does not appear to be final, for it does not prevent the Commonwealth's attorney from redocketing the case and renewing the prosecution at any time, but in a much more important sense, and as it affects the appellant, the order must, we think, be treated as final for the purposes of an appeal, for while it stands he is powerless to secure a trial, however innocent he may be, yet all the while resting under a grave charge affecting his reputation and endangering his life or liberty. What remedy has he if refused the right of appeal? If he were to move the lower court to redocket the case and dismiss the indictment, the order of that court overruling the motion would be no more final than the one appealed from. Neither mandamus nor injunction will lie to control a court in the exercise of its judicial discretion, and the writ of prohibition can only be employed to prevent an inferior court of limited jurisdiction from proceeding in a matter out of its jurisdiction. We are of the opinion, therefore, that the court has the jurisdiction to entertain the appeal, and that to hold otherwise would amount to a denial of justice.

The judgment or order appealed from is reversed, and the cause remanded, with directions to the lower court to set it aside, and to redocket the case, that the appellant may have as speedy a trial as will be consistent with the ends of justice.