CASE 121—PROSECUTION AGAINST LAURENCE GROSS FOR HORSE STEAL-
ING.—NOVEMBER 2.

## Gross v. Commonwealth.

APPEAL FROM OWEN CIRCUIT COURT—JOHN M. LASSING, CIRCUIT
JUDGE.

DEFENDANT CONVICTED AND APPEALS. AFFIRMED.

FILING AWAY INDICTMENT—REINSTATEMENT—ABSENCE OF DEFENDANT
—SUBSEQUENT ARREST.

An order filing away an indictment is permissible where de-
fendant has not been apprehended, and is not before the court;
is not equivalent to a *nolle pros.*; and, though not providing there-
for, does not prevent reinstatement of the indictment on the
subsequent arrest of defendant.

H. G. BOTTS, FOR APPELLANT.

## POINTS.

Defendant moved the court to set aside the verdict and judgment aforesaid, and in support of said motion filed grounds, which we summarize and state as follows:

1. The indictment to which defendant was compelled to plead, and under which he was tried, was filed away at the June term, 1895, of said court, and was not resubmitted to the grand jury, or redocketed by an order of the court.

2. The court erred in overruling a demurrer to the indictment.

3. The court erred in overruling the defendant's motion for a peremptory instruction.

4. The court erred in overruling defendant's objections to the testimony of the witness, S. D. Duvall, as to conversations with persons in the absence of the defendant, and in overruling defendant's motion to exclude said evidence from the jury

5. The court erred in giving to the jury, as the whole law of the case, instructions marked 1 and 2, and in not properly instructing the jury, as to the whole law of the case.

6. The verdict is against the law of the case, as it was given, and as it should have been given.

7. The verdict is against the evidence.

8. Misconduct of the jury and the prosecuting witness, W. B. Duvall.

9. Discovery of new evidence by defendant since rendition of the judgment.

10. Misconduct of the attorney for the Commonwealth in attacking and personally contradicting witnesses introduced by him for the Commonwealth.

## AUTHORITIES CITED.

Commonwealth v. Bottoms, 105 Ky., p. 222;; Ashlock v. Commonwealth, 7 B. Monroe, p. 44; Fueston v. Commonwealth, 12 L. R., p. 854; Same v. Same, 91 Ky., p. 230; Helm v. Handley, 1 Litt., p. 221; Jones v. Com., 24 R., 1434.

N. B. HAYS, ATTORNEY GENERAL, AND LORAINE MIX, FOR APPELLEE.

1. The effect of filing away an indictment is not the same as when it is dismissed or quashed; such filing away merely holds the charge in abeyance, and the customary and possibly only method of proceeding upon such indictment, is to be caused to be issued a bench warrant as authorized by statute.

An indictment thus filed away lives on. limited by the natural life of the person indicted; it merely sleeps, and after such bench warrant has been issued and executed the court may redocket it for trial.

**2.** The indictment is clearly sufficient in its allegations.

3. No incompetent evidence was introduced by the Commonwealth.

4. The instructions of the court cover all the points in the case and are free from error.

5. The decision of the trial court on motions for a new trial is not subject to exception or review.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

The appellant, Lawrence Gross, was indicted by the grand jury of Owen county at the October term of the Owen circuit court, 1893, for stealing a horse belonging to W. B. Duvall. Several bench warrants were issued on this indictment, which were returned "Not found," and at the June term, 1895, the indictment was, by order of court, filed away. On the 28th of November, 1903—more than ten years after the indictment was returned—a bench warrant issued thereon by direction of the Commonwealth's attorney, under which, and a requisition, defendant was arrested in the State of Ohio, and returned to Owen county, where he was tried, convicted, and his punishment fixed at confinement in the penitentiary for two years. Defendant brings his case to this court, and asks a reversal for a number of alleged errors.

It appears from the testimony that the horse in question was stolen about the 10th day of June, 1893, in the town of Owenton, and was discovered about two months later in Lexington. Defendant's father was first arrested for the theft, but was acquitted. Subsequent thereto the indictment was found against appellant, who lived with his father in Lexington. Shortly after the return of the indictment, but before a bench warrant could be served upon him, appel-

lant left the State of Kentucky, and did not return thereto until the fall of 1903, having in the meantime lived in the States of Illinois, Colorado, Arizona, etc. His first ground of complaint is that the trial court had no power to reinstate upon the docket the indictment which had been previously filed away more than eight years before, without a provision in the order itself for its reinstatement; that the effect of the order filing the indictment away was equivalent to a dismissal of the prosecution, and the end of all proceedings thereunder. This question was very fully considered by this court in Jones v. Commonwealth, 114 Ky., 599, 71 S. W., 643, 24 Ky. Law Rep., 1434. The opinion in that case reviews the cases of Ashlock v. Commonwealth, 46 Ky., 44; Commonwealth v. Bottoms, 105 Ky., 222, 48 S. W., 974, 20 Ky. Law Rep., 1159, and decided that, where a defendant had not been apprehended, and was not before the court, it was permissible to file away an indictment and reinstate it upon the docket upon the subsequent arrest of the defendant, but that it was not permissible, under section 11 of the Bill of Rights, if the defendant was before the court, objecting to the order. Section 185 of the Criminal Code of Practice provides that "if the defendant be in custody or on bail when the indictment is found, the trial may take place at the same term of the court at a time to be fixed by the court." And section 186 provides that all criminal prosecutions and penal actions not tried at any term of a court shall be docketed by the clerk for the next term beginning with the first day thereof, "and setting them for as many days as may be necessary in the same manner as ordinary civil actions are docketed." Section 187 provides "that all prosecutions shall stand for trial on the day to which they are docketed, if the defendant be in custody, or on bail, or have been summoned three days before the commencement of the term." All these pro-

visions of the Code are manifestly for the prompt and orderly dispatch of the business of the court. It is not the docketing of an indictment which gives it life, nor does the mere temporary filing away of the indictment against a defendant who is not before the court destroy its validity, as there is manifestly no reason why such an indictment should be carried upon the docket. Such an order is not equivalent to a "*nolle prosequi*," and such an indictment may be reinstated upon the arrest of the defendant. Section 140 of the Criminal Code of Practice provides that a "bench warrant shall be issued by the clerk upon the order of the court, and may be issued from time to time by order of the attorney for the Commonwealth." We conclude, therefore, that the trial court properly tried appellant on the reinstated indictment.

It is next complained that the trial court erred in refusing to peremptorily instruct the jury to find the defendant not guilty on the ground that there was no evidence conducing to show the guilt of the accused. We do not think it necessary to review in this opinion the testimony in the bill of exceptions connecting appellant with the commission of the crime for which he was tried. It is enough to say that there was certainly some evidence, circumstantial in character, which tended very strongly to connect him with the crime for which he was convicted.

A number of other alleged errors are complained of, but we have reached the conclusion upon the whole case that they were not, if errors at all, prejudical to the substantial rights of the defendant.

The judgment is therefore affirmed.