### UNITED STATES v. BLENDER.
#### No. 27998.

District Court, N. D. Illinois, E. D.

Oct. 8, 1941.

Edward J. Hess, of Chicago, Ill., for petitioner.

J. Albert Woll, U. S. Dist. Atty., and Mary Bailey, Asst. Dist. Atty., both of Chicago, Ill., for respondent.

WOODWARD, District Judge.

Petitioner, Inland Bonding Company, surety on the bail bond of defendant Blender, prays an order releasing it as such surety.

The pertinent facts necessary to a disposition of the prayer of the petition are as follows:

An indictment was returned against the defendant Blender and petitioner became surety for the defendant in his recognizance in the sum of $1,000. On March 6, 1941 the case was set for trial for June 6, 1941. Three cases were on the trial call for June 6, 1941, two criminal cases and one civil case. In the case of United States v. Blender, on June 6, 1941, the following appears of record: "Motion of defendant's attorney cause stricken from the call."

The prayer of the petition is predicated on the theory that the order of June 6, 1941, worked a discontinuance and an abandonment of the cause and thereby released the surety. In support of its position counsel for the surety relies upon the case of People v. Pastel, 249 Ill.App. 205, and cases therein cited.

Neither the case relied upon, nor the cases therein cited, are in point. In the Pastel case the indictment was, on motion of the States Attorney, stricken from the

docket with leave to reinstate. Referring to the cases cited in the Pastel case: In the case of Drinkard v. State, 20 Ala. 9, the order was: "Upon motion of the solicitor * * * this case is withdrawn from the docket, with leave to reinstate if necessary"; in Ashlock v. Commonwealth, 7 B. Mon., Ky., 44, the order was: "On motion of the Commonwealth's Attorney, it is ordered that this case be [stricken] off the docket, with leave to reinstate it hereafter by motion"; in Commonwealth v. Bottoms, 105 Ky. 222, 48 S.W. 974, the record showed

"These indictments are now filed away, with leave to reinstate without notice, and to carry said prosecutions to final trial and judgment"; in the case of Miller v. Commonwealth, 192 Ky. 709, 234 S.W. 307, it appeared that on the day of trial the witnesses were discharged until they were again summoned and on a further summons of the witnesses they were again discharged.

■ The Court, in the Pastel case holds, in harmony with the decisions that the effect of an order striking a cause from the docket with leave to reinstate operates as a discontinuance of the cause and an exoneration of any bail for appearance.

It will be observed that in the case relied upon and in the cases cited therein that the motion to strike from the docket or an indefinite continuance, as in the Miller case, supra, was made and the action was induced by the responsible prosecuting officer of the government. In those cases the act of the prosecuting officer indicated an intention to abandon the prosecution. That is as far as the case relied upon goes.

■ Here the situation is entirely different. The Court had prepared a trial call for June 6, 1941, on which appeared, among others, the case of United States v. Blender. When the case was called for trial it was simply stricken from the list of cases set for trial on that particular day. By this order the case reverted to the general trial docket again to be called for trial or, on motion, to be reset for trial. Moreover, the action of the Court was induced, not by the prosecuting officer of the government, but by the defendant. The government has not indicated any intention to abandon the prosecution. The order entered on June 6, 1941, does not fall within the reason or the spirit of the cases relied upon.

The prayer of the petition will be denied.