## Commonwealth v. Jones.

May 16, 1944.

Hubert Meredith, Attorney General, G. L. Dickinson, Commonwealth's Attorney, and Zeb A. Stewart for appellant.

L. O. Siler and R. C. Tartar for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Reversing.

At the May term of 1942 of the Whitley Circuit Court an indictment was returned charging the appellee, James Jones, with the offense of practicing dentistry without a license. At the October term 1942 the indictment was filed away with leave to reinstate. No conditions were attached to reinstatement. At the January term 1943, without notice to the appellee, an order was entered reinstating the case on the docket and setting it for trial on the first day of the next regular term.

When the case was called for trial at the May term 1943 the appellee filed a plea in bar, supported by affidavits, setting up the following state of facts; The indictment was one of two companion indictments against the appellee and a rule had also been issued against the appellee to show cause why he should not be punished for contempt of court for violation of an injunction previously issued, enjoining him from practising dentistry. At the October term 1942 the appellee, pursuant to agreement with the Commonwealth's Attorney, pleaded guilty to the companion indictment and paid a fine of $100 and also paid a fine of $30 on the contempt rule. The Commonwealth's Attorney agreed to file the present indictment away and it was to be reinstated only if the appellee again engaged in the practice of dentistry in Whitley County. It was also pleaded that no notice of reinstatement was given to the appellee.

It was alleged in the plea in bar, and confirmed by the affidavits, that the appellee had not engaged in the practice of dentistry in Whitley County since the filing away of the indictment in October 1942. The Commonwealth was in no position to controvert the alleged agree-

ment with the former Commonwealth's Attorney, since the latter was in the armed forces overseas, nor did the Commonwealth attempt to controvert the allegation that the appellee had not since engaged in the practice of dentistry in Whitley County.

The trial court sustained the plea in bar, set aside the order reinstating the indictment and ordered the indictment filed away with leave to reinstate only if substantial proof was made that the appellee had violated his agreement not to practice dentistry in Whitley County.

The Commonwealth filed a motion to set aside the latter order. In this motion it was set out that affidavits now on file in the injunction action against the appellee showed that he had been actively engaged in the illegal practice of dentistry in Pulaski County since the filing away of the indictment in 1942 and that such practice was also in violation of the injunction. The court overruled this motion of the Commonwealth and this appeal follows.

At the outset it may be said that while the Criminal Code of Practice makes no provision for filing away indictments with leave to reinstate, the custom has so long endured that it has become accepted as proper practice and has received judicial sanction. See Commonwealth v. Bottoms, 105 Ky. 222, 48 S. W. 974, Huff v. Commonwealth, 217 Ky. 247, 289 S. W. 246, and cases therein cited.

But, while this is true, no action or agreement on the part of the Commonwealth's Attorney can operate to prevent or estop the Commonwealth from proceeding with the trial of an indictment which has been filed away with leave to reinstate. This was decided in Commonwealth v. Bottoms, supra, in which we said that the legal effect of such filing away was simply an indefinite continuance. In that case the indictment was filed with leave to reinstate if the defendant should at any time violate the liquor laws. The court said the indictment could have been reinstated without showing a breach of the promise to abstain from further violations of the liquor laws. Particularly, should this rule be applicable in the case before us, where the order filing with leave to reinstate imposed no terms or conditions upon the reinstatement and, all the more, where the Commonwealth's Attorney, on whose motion the indictment was

filed away, was not available to controvert or explain the agreement alleged by the defendant. We think the trial court should have proceeded with the trial and was in error in setting aside the order of reinstatement.

The question of notice to the appellee becomes immaterial in the circumstances. He now has notice of the reinstatement and ample time to prepare for trial. As a matter of fact, he entered his appearance to the reinstatement by moving to set it aside. Of course, at the time he made that motion the court, had it proceeded to trial, should have given him time to prepare his defense but, since he now has ample time, the matter of notice is immaterial.

The judgment is reversed with directions for further proceedings consistent with this opinion.