Alvin Sidney HOSKINS, Movant,

v.

Coleman WRIGHT, Judge, Shelby Circuit Court, Respondent.

Court of Appeals of Kentucky.

May 10, 1963.

Alvin Sidney Hoskins, pro se.

Thomas & Thomas, New Castle, for respondent.

MOREMEN, Judge.

Alvin Sidney Hoskins, a prisoner now confined under a life sentence in the Kentucky State Penitentiary at Eddyville, has filed an original action in this Court in which he asks that a writ of mandamus be issued to Hon. Coleman Wright, Judge of the 12th Judicial District of the circuit courts of this state, directing him to grant movant Hoskins a speedy trial in connection with felony indictments now pending against him in the Shelby Circuit Court and in the Oldham Circuit Court. He alleges that he did, on the 6th day of January 1962, file motion in both courts for a speedy trial and that no action has been taken on those motions since that date. The response to the petition for mandamus states that Hoskins stands indicted in both counties for a felony and admits that he had written from the Eddyville Penitentiary on about the 6th day of January 1962 asking for a trial. It is further stated that since the time of the request the charges have been called for trial, but the Commonwealth announced "not ready" and thereupon on motion of the Commonwealth the prosecutions were continued. The respondent prays judgment of the Court on the question raised on this proceeding.

■ Ordinarily mandamus will not lie to control a court in the exercise of its judicial discretion. However, regardless of the nature of the writ or its nomenclature, we are of opinion that movant should have some remedy under the powers granted this Court under Section 110 of the Constitution, particularly in view of the fact that movant has raised a constitutional question under the Bill of Rights of our commonwealth.

Section 11 of our Constitution provides that in prosecutions by indictment or information the accused shall have a speedy public trial by an impartial jury of the vicinage. Very little has been written by the Court in connection with this phase of Section 11. Jones v. Commonwealth, 114 Ky. 599, 71 S.W. 643, 24 Ky.Law.Rep. 1434, involves facts where the accused was indicted and the case set for trial. Afterwards it was continued by consent until the next term. When it was called for trial, the commonwealth's attorney announced that he was not ready and moved the court to discharge the witnesses and the accused from his bond, and to file the indictment away with the right to reinstate it on the commonwealth's motion. The motion was sustained over the accused's objection, and insistence on a trial or dismissal. The Court, when commenting on this part of Section 11, said the guaranty is for the protection of the citizen and no rule of practice, however ancient or sacred, should deprive him of it.

In this same opinion the Court was faced with the problem of whether mandamus or injunctive relief would lie to control the circuit court in the exercise of its judicial discretion, and concluded that failure to grant to the accused a speedy trial, because of procedural difficulties, would amount to a denial of justice.

■ We have concluded that in this case movant, Alvin Sidney Hoskins, is entitled to as speedy a trial as will be consistent with the ends of justice and his motion for such relief is granted. The trial court is directed to docket the case for trial as

speedily as will be consistent with the ends of justice and in the event the commonwealth is not prepared and fails to disclose sufficient reasons for a continuance, the indictment should be dismissed.