**Richard Charles RUIP, Petitioner,**

v.

**Thomas J. KNIGHT, Judge, etc., Respondent.**

Court of Appeals of Kentucky.

Dec. 18, 1964.

Richard Charles Ruip, pro se.

Carl C. Ousley, Jr., Asst. Commonwealth's Atty., Louisville, for appellee.

MONTGOMERY, Judge.

Richard Charles Ruip, an inmate of the United States Penitentiary, Atlanta, Georgia, seeks a "writ of procendo ad judicium" by petition in this Court. The petitioner asks that he be brought to immediate trial on Indictment No. 121102, Jefferson Circuit Court, on a charge of armed robbery. A petition seeking the same relief filed against the respondent as presiding judge of the Jefferson Circuit Court, Criminal Branch, First Division, was dismissed in the Jefferson Circuit Court on September 13, 1963.

The response filed herein discloses that the petitioner has never been apprehended on the armed robbery indictment and is now confined in federal custody under a sentence extending until 1976. The motion in the Jefferson Circuit Court was dismissed on the authority of In re: Yager's Petition, D.C., 138 F.Supp. 717, wherein it was held, under similar facts, that the failure of the Kentucky authorities to bring the petitioner to trial upon a charge pending against him in the state court did not deprive the petitioner of his right to a speedy trial under the Sixth Amendment, United States Constitution.

In Jones v. Commonwealth, 114 Ky. 599, 71 S.W. 643, an accused who had been served with process was held to be entitled to a speedy trial under Kentucky Constitution, Section 11, when he was in court and objected to the filing away of the indictment. However, in Gross v. Commonwealth, 118 Ky. 907, 82 S.W. 618, the filing away of an indictment when the accused had not been apprehended and a reinstatement upon subsequent arrest were held not to be in violation of the constitutional provision. Since the petitioner has never been served with process and has never submitted himself to the jurisdiction of the court in which he seeks a speedy trial, neither his federal nor state constitutional right to a speedy trial has been violated.

This view of the case renders it unnecessary to discuss whether the writ sought is available in this Court.

The petition is dismissed.