CASE 19—PETITION EQUITY—OCTOBER 10.

# Prichard's Executrix v. Peace, &c.

APPEAL FROM KNOX CIRCUIT COURT.

1. DEFECT OF PARTIES—SPECIAL DEMURRER.—In this action upon an administrator's bond brought by some of the heirs of the decedent, it was irregular and in violation of section 24 of the Civil Code to make the other heirs defendants instead of plaintiffs without giving in the petition a reason why this was done, but as the defect of parties-plaintiff was not taken advantage of by special demurrer it was waived, and while the court allowed the heirs who were made defendants to participate with the plaintiffs in the recovery, yet as it is not disputed that they are jointly interested in the estate with plaintiffs, this irregularity is not sufficient to authorize a reversal.

2. A COUNTER-CLAIM is an action, and to be properly pleaded it must be set forth with all the allegations necessary to uphold an original petition founded on the same cause of action.

    In this action upon an administrator's bond an answer filed by the executrix of the administrator alleging that her testator paid out large sums of money for his intestate which had never been paid back to him, and had paid costs and expenses in certain suits between his intestate and others for which no allowance had been made him, and that on final settlement of his accounts as administrator instead of him owing the heirs said estate will be owing him "at least $—," does not state facts sufficient to constitute a counter-claim, although so designated, being in legal effect no more than a general denial of liability, and although not controverted did not entitle defendant to judgment over against plaintiff.

J. H. TINSLEY AND GOLDEN & DAVIS FOR APPELLANT.

1. The judgment is erroneous because part of the heirs of Jno. Peace are made defendants without any reason given in the pleading why they are not made plaintiffs, and these defendants are adjudged to recover as well as plaintiffs without any prayer therefor in the petition. (Civil Code, sec. 24.)

2. The motion to take the answer, *set-off and counter-claim* as true ought to have prevailed. (Civil Code, secs. 126, 127; Evans v. Stone, 80 Ky., 78.)

**C. W. LESTER** FOR APPELLEES.

It is clear from the evidence that appellant has gotten by the judgment appealed from decidedly more than she is entitled to.

.JUDGE EASTIN DELIVERED THE OPINION OF THE COURT.

This action was brought in the Whitley Circuit Court by the administrator and some of the heirs of John Peace, deceased, against the executors of W. M. Prichard, deceased. and one Owens, as surety on Prichard's bond as administrator of the estate of said Peace. It is alleged in the petition that Prichard, as administrator of John Peace, deceased, had received money and personal property to a considerable amount, which he had failed to account for during his life, and that he was, on this account, indebted to plaintiffs in the sum of more than $800 at the time of his death, and this claim they seek to establish and enforce as a liability against his estate.

The action was, by agreement, transferred to the Knox Circuit Court, and, on December 18, 1883 the executors of Prichard filed an answer controverting the allegations of the petition, and in which they also attempted to plead a counterclaim against the plaintiffs in the action. The case was then consolidated with another action pending in that court, wherein Prichard, as administrator of Peace, had been conducting a protracted litigation for some years before his death with one Evans, and the record in that case constitutes a considerable part of the voluminous transcript before us on this appeal. The action was several times referred to the court's commissioner for a report upon the condition of Prichard's accounts as administrator, proof was taken by both parties, and transactions extending back over a period of ten or twelve years were brought into the account by one party or the other, and, at the July term,

1892, just twelve years after the suit was brought, the circuit court finally reached a judgment in favor of Peace's heirs for the sum of $401.31, from which this appeal is prosecuted by the executrix of W. M. Prichard.

No review of the testimony and no analysis of the numerous vouchers, many of which extend back over a period of twenty-five years, will be attempted here, but it is sufficient to say that the court below, with the aid of its commissioner, seems to have fully considered all these matters, and we perceive no error in its conclusions as to the amount of the administrator's indebtedness to the estate of John Peace, deceased. Indeed, this question is not discussed or alluded to in the brief of counsel for appellant, but his argument is confined exclusively to the two questions of practice which we shall now briefly consider.

In the first place, a reversal is asked for the reason that only five of the heirs at law of John Peace were made plaintiffs in the action, while there were six interests represented, and the infants representing one-sixth interest were made defendants and no reason given in the petition why this was done. While this was irregular and in violation of section 24 of the Civil Code, yet, no objection having been made, and no demurrer for this defect of parties having been filed in the court below, it can not now be taken advantage of by appellant.

By section 92 of the Civil Code a special demurrer is defined, and it is provided as follows, to-wit:

"A special demurrer is an objection to a pleading which shows—

"4. That there is a defect of parties, plaintiff or defendant. Either of said grounds of objection shown to exist by a pleading is waived, unless distinctly specified by a demur-

rer thereto, except the objection to the jurisdiction of the court, etc."

This defect appeared on the face of the petition. It was not made the ground of a demurrer, and, although the court below in its judgment allows these infant defendants to participate with the plaintiffs in the recovery, it not being disputed that they are jointly interested in the estate with plaintiffs, we do not consider this irregularity sufficient to authorize a reversal of the judgment.

In the second place, it is insisted for appellant that the failure to controvert the affirmative allegations of her counterclaim entitled her to a judgment without regard to what the commissioner may have reported as to the state of accounts. It is true that appellant has made certain affirmative statements in her answer, and that she has called the same a counterclaim, and that no reply was filed to that pleading. It seems to us, however, that the character of those affirmative allegations must be considered in order to ascertain whether or not they constitute a valid counterclaim, or are to be taken as true because they have not been controverted by a reply.

An examination of the pleading in question shows that it contains general allegations that appellant's testator "paid out large sums of money for said Peace which had never been paid back to him;" that he had paid large "costs and expenses in a law suit between said Peace and Jo. Evans, for which he had no allowance;" that he employed attorneys in the suit "and no allowance had ever been made to them or to him for them;" that he prosecuted that suit and other suits and wound up the estate and employed attorneys for that purpose, in which he spent a great deal of time and money, and will have to pay attorney's' fees, "for which he has no allowance; and on final settlement of all the

accounts of said Prichard for the estate of said Peace, in-stead of his owing the heirs, said estate will be owing said. Prichard's estate at least $—."

These are substantially the allegations of the pleading· which appellant terms a counterclaim, and upon which it is insisted he was entitled to a judgment because of the failure· of appellees to controvert same by a reply. Can the pleading be given this effect, and can it properly be treated as a. counterclaim? We think not.

It will be seen that appellant not only fails to give the amount of any item alleged to have been paid out, or to file· any voucher showing that the payments were properly made, but fails, also, to give any statement whatever as to the amount of assets that came to the hands of her testator. It does not charge that these alleged payments were made out of his individual funds, or that they were in excess of assets he had received from Peace's estate. It may be true that all these payments were made as charged, and that no allowance has been made to him on account thereof, and yet, for aught that appears, he may still have in his hands. assets of said estate far more than sufficient to cover all these outlays, as he has made no settlement of his accounts and no statement is made in this pleading as to the amount of assets he received from the estate. It is true that this pleading alleges, in conclusion, that, on a final settlement, Peace's estate will be indebted to the estate of Prichard, but this is a mere conclusion of the pleader, and, unsupported as it is by any facts or figures showing the· state of the accounts—the receipts and disbursements—it is. wholly insufficient to warrant a recovery.

There is nothing in this pleading, as it seems to us, to· entitle appellant to a judgment over against appellees, even though it is uncontroverted, and, though pleaded affirma-

tively, it is in legal effect no more than a general denial of liability.   It is as though the defendant had simply said to the plaintiffs, "I do not owe you, but, on a fair settlement, you owe me."

That such allegations in an answer are wholly insufficient to constitute a valid counterclaim is too plain to require discussion, as it is the settled law of this State that a counterclaim is an action, and, to be properly pleaded, it must be set forth in the pleading with all the allegations necessary to uphold an original petition founded on the same cause of action.

In the case of Bowen v. Sebree, &c., 2 Bush, 116, this court said:   "But a pleading, so to be treated as a counterclaim, should not consist merely in facts constituting a defense, and pleaded as such, but it should present a *cause* of action in favor of the defendant, supported by every allegation necessary to uphold an original petition founded thereon."

Applying this rule to the answer in this case, it clearly fails to constitute a valid counterclaim, and was properly treated as presenting matter of defense only and not requiring to be controverted.

We perceive no error in the judgment of the court below, and it is, therefore, affirmed.