## Phillips v. Arnett, Administrator, et al.

(Decided April 30, 1915.)

### Appeal from Magoffin Circuit Court.

1. Limitation of Actions—Action to Enforce Lien on Land—Effect of Order Taking Case From the Docket—Reinstatement of Case on Docket—Innocent Purchaser—Statute of Limitations.—Where an action to enforce a vendor's lien on land was instituted September 15, 1893, allowed to remain on the docket without a submission until February 6, 1904, and was then taken from the docket under an order of the court directing that it be "filed away," such order operated as a dismissal of the case without prejudice; and though it was, on motion of the plaintiff, reinstated on the docket February 19, 1910, as more than fifteen years intervened between the accrual of the plaintiffs' cause of action upon the lien note sued on and the reinstatement of the case on the docket, the action was barred by the statute of limitations as to an innocent purchaser of the land for value, whose title thereto was acquired after the case was stricken from the docket and before its reinstatement thereon.

2. Limitation of Actions—Release of Lien on Record—How to be Made.—The formal release of a lien, to be effective, must be made in the manner provided by Section 498a, Subsection 3, Kentucky Statutes; that is, it must be made on the record book in the county clerk's office containing the instrument, and by the person who shall appear on the record to be the legal holder

of the note or notes secured by the lien. But the failure to release the lien by the statutory method did not prevent the running of the statute of limitations in this case.

C. M. WHITT and R. H. COOPER for appellant.

N. P. HOWARD for appellees Stapp, et al.

JOHN H. GARDNER for appellee, Capitol Mining, Lumber & Oil Company.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

By deed of date December 29, 1891, the appellant, Lewis Phillips, sold to Farish Arnett two hundred acres of land lying on Pricey Creek, in Magoffin County, at the price of $610.00. The deed acknowledged the payment of $300.00 of this amount and states that for the remainder of the consideration two notes were executed by Arnett, both of date December 29, 1891, the first for $100.00, payable four months after date, and the other for $210.00, payable one year after date. The payment of these notes was secured by a vendor's lien on the land, expressed in the deed.

The deed was not put to record by Arnett until February 13, 1903. Neither of these notes was paid at maturity by Arnett, and on September 15, 1893, the appellant, Phillips, through his attorney, J. W. Howard, brought suit thereon in the Magoffin Circuit Court, seeking a personal judgment against Arnett for the amount of the two notes and interest, and the enforcement of the vendor's lien by a sale of the land for their payment.

The answer of Farish Arnett denied the execution of the deed by the appellant, Phillips, or its delivery to him; also denied the retention in the deed of the vendor's lien for the purchase money, or that he, Arnett, owed the notes sued on or any part thereof. It was, however, admitted in the answer that appellant had executed and delivered to Arnett a title bond, covenanting to convey him the two hundred acres of land, which had not been done; and alleged that fifty acres of the two hundred sold him by appellant was owned by the Capital Mining, Lumber & Oil Company, under a purchase and deed from one W. J. Coffee, to whom the fifty acres, together with a larger quantity, had been granted by patent from the state, of older date than the appellant Phillips' title; and that this fifty acres of land was in the possession of the Capital Mining, Lumber & Oil Company. The an-

swer was made a cross petition against the Capital Mining, Lumber & Oil Company, and summons asked against it. Later, the Capital Mining, Lumber & Oil Company, by intervening petition and answer to the cross petition of Arnett, became a party to the action. The affirmative matter of the answer of Arnett and that of the petition and answer of the Capital Mining, Lumber & Oil Company was controverted by the appellant's reply.

Following the filing of these pleadings no further steps, other than orders of continuance, were taken in the case until the February term, 1904, of the Magoffin Circuit Court, when it was stricken from the docket on the sixth day of February, under an order of the court directing that it and ten other cases named therein "be filed away."

Notwithstanding the denial in Arnett's answer that the appellant, Phillips, had executed or delivered to him the deed conveying him the two hundred acres of land, he, as previously stated in the opinion, had it put to record in the office of the clerk of the Magoffin County Court, February 13, 1903, at which time the deed had upon its margin these words: "All the lien on this tract of land released by order of the plaintiff, Lewis Phillips, June 15, 1901, J. W. Howard, attorney for plaintiff." When the deed was recorded the above statement or entry was recorded with it. J. W. Howard died in 1904.

Something more than a year after the order was entered striking the case from the docket, viz.: on October 31, 1905, Farish Arnett sold and by deed conveyed the tract of land, less the fifty acres claimed by the Capital Mining, Lumber & Oil Company, to Morton and Oldham. On December 31, 1906, Morton and Oldham sold and by deed conveyed it to Bradshaw, and the latter on April 2, 1907, sold and by deed conveyed it to J. S. Stapp, and Stapp immediately took and remained in the possession thereof until his death, which occurred in 1908, leaving his widow and several children surviving him, who have been in possession of the land since his death. It appears that Farish Arnett died shortly before J. S. Stapp, and R. L. Arnett was appointed and duly qualified as the administrator of his estate.

On February 10, 1910, appellant, by written notice served upon R. L. Arnett as administrator of the estate of Farish Arnett, deceased, advised him of his purpose to enter a motion on the 19th of February, 1910, to redocket the case of Lewis Phillips v. Farish Arnett, which

had been stricken therefrom by the order of February 6, 1904, and on February 19, 1910, the case, on appellant's affidavit and motion, was redocketed, as appears from an order entered of that date; following which was entered another order suggesting the death of Farish Arnett and reviving the action against his administrator and heirs at law, named in the order. At the February term, 1911, of the Magoffin Circuit Court, the administrator and heirs at law of Farish Arnett filed an amended answer to the appellant's petition, in which it was alleged that because of its sale and conveyance to Morton and Oldham by Farish Arnett before his death they had no interest in the land sought to be subjected to the payment of the appellant's debt; further alleged that the notes sued on by the latter were paid by Farish Arnett June 15, 1901, and the lien then released; and, in addition, pleaded the statute of limitations. The averments of this amended answer were controverted by reply.

On June 20, 1911, and during the June term of the Magoffin Circuit Court, the widow and children of J. S. Stapp, the former suing as executrix of her husband's will and in her own right, by intervening petition, which was made an answer to appellant's petition, were made parties to the action. In this pleading they set forth their title to and possession of the land in controversy and the payment by Farish Arnett of the notes sued on; and alleged that J. S. Stapp, at the time of his purchase of the land and its conveyance to him paid a valuable consideration therefor and had no knowledge of the existence of the alleged lien attempted to be asserted by appellant, and that such lien did not then exist; also alleged the dismissal of appellant's action February 6, 1904, and, further, that the notes sued on and lien attempted to be enforced by the appellant were barred by the statute of limitations, as more than fifteen years elapsed between the accrual of the right of action thereon and the reinstatement of the case upon the docket of the Magoffin Circuit Court, February 19, 1910.

Upon the submission of the case the circuit court, being of the opinion that the notes sued on and lien asserted were barred by the fifteen-year statute of limitations, dismissed the appellant's petition and adjudged the appellees, widow and heirs at law of J. S. Stapp, the owners and entitled to the possession of the land in question, less the fifty acres claimed by the appellee Cap-

ital Mining, Lumber & Oil Company and quieted their title thereto, and also the title of the appellee Capital Mining, Lumber & Oil Company to the fifty acres claimed by it, and further adjudged that the several appellees recover of appellant their costs. From that judgment the latter has appealed.

If, as pleaded by appellees and held by the circuit court, the recovery sought by appellant upon the notes executed to him by Farish Arnett, was barred by the statute of limitations of fifteen years, it will be unnecessary to pass on other questions presented by the record; and whether the action is barred by the statute must be determined by the legal effect to be given the order taking it from the docket. The order, after giving the style of each of the eleven cases disposed of—including the instant case—closes with these words: "Ordered, that the above eleven (11) causes be filed away."

In Words and Phrases, Vol. 2 (2d Series), page 60, it is said: " 'Discontinued,' with reference to an action, is synonymous with stricken from the docket, filed away."

In the same volume, at page 75, it is said: " 'Stricken from the docket' is used as synonymous with 'discontinued,' 'filed away,' so that an order striking a cause from the docket amounts to a 'dismissal.' "

It is manifest, therefore, that whether the words used to indicate that the case is to be taken from the docket be "stricken from the docket," "discontinued" or "filed away," the meaning is the same, and amounts to a dismissal. In Aikman v. South, et al, 29 R., 1201, 97 S. W., 4, the words used in the order taking it from the docket were the same used in the instant case, "filed away." In the opinion it is said:

"Counsel for appellee contend that there is no such order known to the code as 'filing away' a suit, and that consequently such an order was ineffectual to dispose of the case. The language used by different courts in different sections of the state to express the same thing is not always uniform. For example, some use the more correct expression 'dismissed,' which is undeniably a final order, which after the adjournment of the term at which it is rendered divests the court of further jurisdiction in the action, except after notice, and upon a motion for a new trial or in an action for a new trial brought pursuant to specific sections of the code. Some courts, however, use the expression 'discontinued,'

others, 'stricken from the docket,' while others yet use the one used in this case, 'filed away.' They all mean substantially the same thing; that is, that the action has been stricken from the docket for want of prosecution, or upon the motion of the plaintiff, or upon the motion of the court. It is a final order, however worded, when it may be gathered from the language of it that the court intended to dismiss the action and the parties from further consideration of the court. The parties may thereafter assume that they need not look further to the records of the court to see what steps might be taken in the action, as they were thus notified that the court would not take any further steps in it. The fair intent of the order was to dismiss the action and the parties henceforth and without day.''

If, as held in the case, *supra,* the taking of the action from the docket by an order directing that it be ''filed away'' was a dismissal of the case as to a defendant who did not appear, *a fortiori* is such an order a dismissal of the case as to one not a party to the action and who, after the entering of the order, became an innocent purchaser of the property therein sought to be sold?

It is true that the dismissal of a case by an order ''discontinuing'' it, ''striking'' it from the docket or directing that it be ''filed away,'' should be treated as a dismissal of the action without prejudice, which would not prevent the plaintiff or other party in interest from bringing a new action or, upon proper notice and the showing of sufficient ground, reinstating it upon the docket; but until there is a renewal of the action or it is properly reinstated on the docket, the dismissal resulting from the order filing it away will continue to be regarded as final, and the court will so treat it.

It is equally true, that the order of dismissal in the instant case placed appellant where he would have been had the action not been brought; and when he obtained its reinstatement on the docket, February 19, 1910, the legal effect was the same that would have resulted had suit then been brought on the notes for the first time. The cause of action on each of the notes accrued when it became due, and the one last to mature becoming due December 29, 1892, the statute of limitations then began to run, and as the reinstatement on the docket of the Magoffin Circuit Court of the action that was brought September 15, 1903, did not take place until February 19, 1910, seventeen years, one month and twenty days after

the cause of action accrued on the last note, the statutory bar of fifteen years became complete December 29, 1907, more than two years before the reinstatement of the action on the docket occurred. The years intervening between the accrual of the cause of action, or its institution, and the dismissal of the action February 6, 1904, cannot, because of the pendency of the action during that time, be taken from the fifteen years constituting the period of limitation, as the dismissal of the action destroyed the *lis pendens* created by its institution. As the notes are barred by the statute of limitations the lien retained to secure their payment is also barred. It follows from the conclusions expressed that the judgment of the circuit court properly determined the rights of the parties.

Although, as previously stated, the decision of other questions urged by counsel is deemed unnecessary, it should be remarked that the judgment cannot be rested on the defense of payment of the notes and consequent discharge of the vendor's lien, pleaded by the administrator and heirs at law of Farish Arnett. The burden was on them to make good this defense, which they failed to do. No proof of payment was offered by them except the alleged release of the lien it is claimed was made by appellant's attorney, J. M. Howard, on the deed executed by appellant to Arnett. Such a release cannot legally be made in the manner attempted. It must be made on the record book in the county clerk's office containing the instrument, and by the person who shall appear on the record to be the legal holder of the note or notes secured by the lien. Kentucky Statutes, Section 498a, Subsection 3: Summers v. Kilgus, 14 Bush, 449; Mutual Insurance Co. v. Hall, 20 R., 1880.

Judgment affirmed. The whole court, except Judge Hurt, sitting.