## Moore, et al. v. Carr.

(Decided February 17, 1925.)

## Appeal from Todd Circuit Court.

1. Judgment—Judgment Entered After Reinstatement on Docket Held Not Subject to Collateral Attack.—Where plaintiff, after having case dismissed without prejudice, had case reinstated on docket, and an amended petition was filed which included additional defendants, judgment entered, without objection or exception, held not subject to collateral attack, since original defendant's failure to object constituted consent, while as to the children, it was immaterial that process was served on them in the old action instead of a new one.

2. Infants—Bond Not Required for Sale of Infants' Land, where Made to Pay Debt Created in Purchasing Land.—A judgment against infants ordering sale of their interest in land to pay debt for purchase price was not void for lack of bond, under Civil Code of Practice, section 493, in view of section 489, subdivisions 1, 2, and section 493, subdivision 5, and section 497, since infant could not keep land without paying for it.

McKENZIE & SMITH for appellants.

JAMES R. MALLORY and S. Y. TRIMBLE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

On January 20, 1885, W. S. Hickman by deed conveyed to Lucy M. Moore, wife of Robert L. Moore, and their children a tract of land for $4,700.00.  All of the purchase money was paid except $700.00, for which two notes were given, payable in one and two years.  These

notes not having been paid an action was brought in October, 1893, to collect them and enforce the lien on the land. Only Robert L. Moore and his wife were made defendants to the action, and on December 23, 1893, judgment for the debt and a sale of the land was entered. On July 17, 1897, on motion of attorney for plaintiff, the case was dismissed without prejudice. On March 29, 1901, pursuant to notice served on the defendants on motion of plaintiff the case was reinstated on the docket. Ground of the motion was, as shown in the notice, that the case had been dismissed with leave to reinstate, but that this had been omitted by mistake in entering the order. No objection was made to the order reinstating the case on the docket and no exception taken. An amended petition was then filed. The children were all brought before the court; a guardian *ad litem* was appointed for the infants, who filed his report on July 15, 1901, and a judgment was duly entered upon the amended petition in favor of the plaintiff for the debt and the sale of the land. The sale was duly made and was confirmed on December 12, 1902, without objection or exception, and a deed was made to the purchaser. In 1907 the purchaser conveyed the land to Frank Carr and Carr took possession. On June 21, 1920, Mrs. Moore, her husband having died, and her children brought this suit against Frank Carr, alleging in substance that the above proceedings were void and that they were the owners of the land. An answer was filed controverting the allegations of the petition; proof was taken and on final hearing the circuit court dismissed the petition. They appeal.

It is earnestly insisted that the action having been dismissed without prejudice on July 16, 1897, could not be restored to the docket on motion in 1901 and that the order restoring the action to the docket was void. But there was no objection to the order restoring the action to the docket and no exception was taken to any of the subsequent proceedings. The record warrants the conclusion that Moore and wife did not object to the action being restored to the docket, for a friend of theirs who was giving them time on the debt had bought the notes and it was to their interest to minimize cost. If a petition had been filed under section 518 of the Code this would have added cost and to avoid this cost they could consent to the old action being restored to the docket. Their failing to object and allowing that action to proceed to judgment was a consent on their part to the pro-

ceeding. The children were in no wise prejudiced by this, for they were regularly served with process and it was immaterial to them that this was done in the old action rather than in an action then brought against them and their father and mother. The court had jurisdiction of the parties and the subject matter. This is a collateral attack upon the judgment and cannot be maintained unless the judgment was void. As the parties were before the court and the court had jurisdiction, the judgment was not void because the old action had been restored to the docket as above stated. The court could correct the record to conform to the truth and it must be presumed that it acted properly in the absence of evidence to the contrary.

> "It is true that the dismissal of a case by an order 'discontinuing' it, 'striking' it from the docket or directing that it be 'filed away,' should be treated as a dismissal of the action without prejudice, which would not prevent the plaintiff or other party in interest from bringing a new action or, upon proper notice and the showing of sufficient ground, reinstating it upon the docket." Phillips v. Arnett, Admr., 164 Ky. 431.

It is also insisted that the judgment against the infants was void because no bond was executed as provided by section 493 of the code. But it will be observed that subsections 1 and 2 of section 489 are excepted out of the operation of section 493. This sale was made to pay a debt created in the purchase of the land and falls under subsection 1 and subsection 2 of section 489, for the debt was a lien upon the land and the infants could not keep the land without paying for it. Subsection 5 of section 493 provides that no bond shall be required where the court ordering the sale retains the custody and control of the fund, and in section 497 it is provided that the share of the infant in the fund shall remain a lien on the land bearing interest until he is of age. This provision applies in all cases where it is impracticable to sell so much of the property as is necessary to pay the debt and the whole property must be sold in order to prevent a sacrifice, when infants own an interest in the property. The court so ordered here. The order of sale was not void and on a collateral attack this is the only question material to be considered.

Judgment affirmed.