## Goff et al v. National Rubber & Leather Co.

(Decided May 23, 1933.)

STRATTON & STEPHENSON for appellants.
O. T. HINTON for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

On October 9, 1928, the National Rubber & Leather Company, a corporation, instituted this action against Felon A. Goff and Hester Goff, his wife, and Ellis Blackburn, seeking to recover a balance of $1,101.60 on account against Felon A. Goff, and caused an attachment to be issued and levied upon his undivided one-half interest in a house and lot jointly owned by him and his wife, and which is fully described in the petition. Blackburn was made a party defendant and called upon to assert any mortgage lien he might have against the property by virtue of an unreleased mortgage appearing of record.

It is alleged in the petition that after the creation of the indebtedness sued on, Felon A. Goff conveyed or attempted to convey to his wife his undivided interest in the property without valuable consideration; that this conveyance was made with intent to delay, hinder, and defraud his creditors, including plaintiff, and that Hester Goff had knowledge of such fraudulent intent. In addition to prayer for judgment for the balance due on the account, plaintiff asked that the conveyance be set aside and the property thereby conveyed sold to satisfy its demand.

Demurrer to the petition was overruled and on May 11, 1929, Hester Goff by separate answer denied the grounds for attachment alleged in the petition, admitted that her husband conveyed to her his interest in the property described therein, but denied that the conveyance was made without valuable consideration or with intent to delay, hinder, or defraud his creditors, or that she had knowledge of any such intent.

No further steps were taken until May 15, 1931, when the following order was entered:

> "It is ordered by the court that this case be and the same is filed away."

Thereafter an order was entered which reads:

> "Came plaintiff and renewed its motion to set aside the order filing away this case entered at a former day of this term, and on this motion the court takes time with leave to the plaintiff to file affidavits in support of said motion."

Depositions of officials of the company were taken but these relate solely to the account sued upon.

Judgment was entered sustaining the attachment and granting to plaintiff all the relief sought, adjudging the property to be indivisible and directing that it be sold as a whole; that one-half of the net proceeds be paid to Hester Goff; and that after satisfying plaintiff's debt, interest, and costs out of the other half of the proceeds, the remainder, if any, also be paid to her. It was further adjudged that the mortgage in favor of defendant Blackburn, who had been duly summoned and failed to answer, had been fully satisfied and is of no force and effect. After rendition of the judgment,

Felon A. Goff filed answer claiming a homestead in the undivided one-half interest in the property described in the petition.

At a sale made by the commissioner, the plaintiff became purchaser of the property for the sum of $2,000, that being the value fixed by the appraisers selected by the commissioner. Thereafter, certain motions were made seeking to have the sale set aside but they are not material to a determination of this appeal.

The answering defendants are prosecuting this appeal, and first urge as grounds for reversal that the court erred in overruling the demurrer to the petition. The first ground of attack on the petition is that it does not allege that the property conveyed was not exempt to the debtor as a homestead. No authority is cited in support of this contention. The general rule that a plaintiff is required only to allege such facts as will constitute prima facie a cause of action and is not required to anticipate or to negative defense is too well recognized to require citation of authority.

It is next urged that the petition is fatally defective in that it alleged the property to be indivisible and asked that it be sold as a whole. The petition otherwise states a good cause of action and asks for relief to which plaintiff was entitled if it sustained its cause, and it is not bad on demurrer merely because it asked for some additional relief to which plaintiff was not entitled.

It is further argued that the order of May 15, 1931, filing the case away took the case from the docket and the court was without authority thereafter to enter the judgment or to take other steps in the action. In the case of Aikman v. South, 97 S. W. 4, 5, 29 Ky. Law Rep. 1201, it is held that the words "discontinued," "stricken from the docket," and "filed away," as used in the order in this instance, mean substantially the same thing and necessarily infer that the case has been stricken from the docket for want of prosecution or upon motion of plaintiff or the court. In the course of the opinion, it is said that after the entry of such order, "the parties may thereafter assume that they need not look further to the records of the court to see what steps might be taken in the action, as they were thus notified that the court would not take any further steps in it."

This case is cited with approval in the case of Phil-

lips v. Arnett et al., 164 Ky. 426, 175 S. W. 660, and Combs v. Deaton et al., 199 Ky. 477, 251 S. W. 638, but as indicated in Phillips v. Arnett, supra, such an order does not prevent plaintiff from bringing another action, or upon proper notice and showing of sufficient grounds having the case reinstated to the docket, but until such steps are taken, an order "filing the action away" is final and should be so treated by the court.

So far as the record discloses this action had not been reinstated upon proper notice and showing or otherwise and as pointed out in that opinion, the situation at the time the judgment was entered, was the same as if no action had ever been instituted.

It is last urged by counsel for appellant that the court erred in directing the property to be sold as a whole. In an action by one of the owners, section 490 of the Civil Code of Practice authorizes the sale of property jointly owned if it cannot be divided without materially impairing its value or the value of plaintiff's interest; but it has been held that that section does not authorize or justify a sale at the instance of a lienholder on the interest of one of the parties; and such lienholder can only subject the debtor's interest whether the property be divisible or indivisible. Marcum v. Marcum, 177 Ky. 186, 197 S. W. 655; Greenbaum v. Commonwealth, 147 Ky. 450, 144 S. W. 45, Ann. Cas. 1913 D, 338; Hill v. Cornwall & Bro.'s Assignee, 95 Ky. 512, 26 S. W. 540, 16 Ky. Law Rep. 97. It follows therefore that the court erred in directing the property sold as a whole.

Since the judgment must be reversed for reasons already indicated, it is unnecessary to discuss other grounds argued for reversal except to say that it is made to appear by answer that Felon A. Goff was and is entitled to a homestead in the undivided interest in the property in controversy, and his rights should be determined upon the proof in the event of further proceedings.

For the reasons indicated, the judgment is reversed for proceedings in conformity with this opinion.