## Central Acceptance Corporation v. Rachal.

(Decided June 16, 1936.)

ROGERS & ROGERS and D. E. CASTLEMAN for appellant.

VEST & VEST and B. H. RILEY for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

Appellant, plaintiff below, brought this suit in the Boone circuit court to recover of appellee, defendant below, the sum of $319.20, representing the unpaid balance of a series of notes secured by defendant representing deferred payments of the purchase price of an automobile, and to foreclose a mortgage on the automobile, which, it is alleged, defendant executed to secure the payment of the notes. We will refer to the parties as plaintiff and defendant according to their respective status in the lower court.

Plaintiff alleged, in substance, that on the 11th day of July, 1931, the defendant purchased an automobile, an Oldsmobile coupe, of Nat Rogers, doing business as "Covington Oldsmobile Company," for the price of $1,052, and paid the sum of $505 of the purchase price, leaving a balance of $547.20 due, for which sum she signed a note payable to herself in equal installments of $46.50 each, the first to mature one month after date thereof, and each of the succeeding installments to be paid on the same day of each succeeding month thereafter until the total sum was paid. And further alleged that to secure the payment of the notes, defendant executed and delivered to the Covington Oldsmobile Company a mortgage on the automobile, which mortgage was duly signed and acknowledged before a proper officer and filed in the office of the Kenton county clerk; that on July 16, 1931, for a valuable consideration, the Covington Oldsmobile Company assigned to plaintiff the notes and mortgage, and it is now the holder and owner of same; that four of the notes had been paid, leaving a balance due in the sum of $319.20; and prayed to recover of defendant that sum, and that it be adjudged a lien on the automobile to secure the payment of its debt, interest, and costs.

Defendant filed her answer and counterclaim admitting the purchase of the automobile, but denying that she signed, executed, or delivered to Nat Rogers the notes and mortgage mentioned in the petition, and

denying that such notes and mortgage were assigned to plaintiff or that it was the owner of same. She admitted that she made payment of two of the notes, but averred such payments were made by her under duress and fraud.

For her counterclaim and cause of action against the plaintiff, defendant pleaded that at the time and before the filing of this action by plaintiff against her, its officers, agents, employees, and attorneys knew from actual notice from the notary public purporting to have taken the alleged acknowledgement to the alleged mortgage, that she had not signed and/or acknowledged the mortgage sued on and that same was void and of no effect in so far as she was concerned, and the plaintiff filed its action wantonly, maliciously, without probable cause or any right whatever to do so, and for the purpose of annoying, harassing, embarrassing, and humiliating the defendant, and asked to recover, for loss of time and expenses incident to defending the suit, the sum of $200; for attorney's fees, $500; and for mental anguish, humiliation and mortification, $5,000.

Plaintiff filed its demurrer to the answer and counterclaim, which demurrer the court overruled. By subsequent pleadings, issues were made and the cause transferred to the ordinary docket. A trial was had before a jury resulting in a verdict in favor of the defendant on her counterclaim in the sum of $500 and an additional sum of $200 for attorney's fees, and the court entered judgment on the verdict for the sum of $700. Plaintiff filed its motion and grounds for a new trial which were overruled, and it brings this appeal to reverse that judgment.

At the following term of the court, plaintiff filed its petition to vacate the judgment and for a new trial upon the grounds of newly discovered evidence, pursuant to section 518 of the Civil Code of Practice. In addition to other necessary allegations for a new trial, it alleged that the newly discovered evidence was that John A. Rankin would state that he was present when the papers in question were signed by the defendant, and he saw her sign and deliver them to James K. Hicks, her brother, the agent of the Oldsmobile Company, and in support of its allegation it filed the

affidavit of Rankin, wherein he stated, in substance, that he was present at the time the automobile was purchased by defendant and heard her, her mother, and James K. Hicks discussing the transaction, and Hicks presented some papers to defendant and told her that she must sign them or the deal would not be closed, and their mother told defendant that that was the proper thing to do, and Hicks put the papers on the sewing machine and he saw the defendant sign them; that the papers were then taken by Hicks, and as he left the room he said to the affiant, "Katherine has signed up for a new car and I am going to the city to get it and another car," and Hicks asked the affiant to stay at the garage until he returned, which affiant did, and Hicks went to Covington and brought back the two cars, one of which being the Oldsmobile in question, and delivered it to defendant.

The court sustained a demurrer to the petition, and plaintiff failing to plead further, the petition was dismissed, and plaintiff has prosecuted its appeal in that action. The two appeals have been consolidated and both will be disposed of in this opinion.

On the appeal from the judgment in the original action, plaintiff insists that its demurrer to defendant's counterclaim seeking to recover of it damages for malicious prosecution should have been sustained because she failed to allege that the action upon which she based her counterclaim was terminated in her favor.

Newman on Pleading and Practice, sec. 330, p. 539, thus states the rule:

"In order to maintain an action for a malicious suit or prosecution, the plaintiff must allege and prove malice, the want of probable cause, the termination of the action or prosecution, and the damage he has sustained by reason thereof; and if he fails to allege either of these essential facts his petition will be insufficient."

There is cited, in support of the text, Wood v. Laycock, 60 Ky. (3 Metc.) 192, wherein it is said:

"It is a well established principle that a plaintiff cannot maintain an action for the malicious prosecution of a civil suit until after the legal termina-

tion, in his favor, of the suit complained of. And such termination must appear on the face of the declaration.''

See also, to the same effect, Graziani v. Ernst, 169 Ky. 751, 185 S. W. 99.

The allegations of a counterclaim, to present a cause of action in favor of the defendant and against the plaintiff, must contain every allegation necessary to support a petition based on the same cause of action. Prichard's Ex'x v. Peace, 98 Ky. 99, 32 S. W. 296, 17 Ky. Law Rep. 662; Gordon v. City National Bank, 140 Ky. 47, 130 S. W. 818.

Defendant did not allege in her counterclaim, nor could she so allege at that time, that the action had been terminated in her favor. It is conceded by counsel of defendant that the general rule is that to support a cause of action for malicious prosecution it must be alleged that the action upon which it is based was terminated in favor of the plaintiff. But it is argued, however, that the fact that the plaintiff (defendant for the purpose of the counterclaim) was a nonresident, and had no agent for process residing in this state known to defendant, makes this case an exception to the general rule and that defendant should be permitted to maintain her counterclaim for malicious prosecution in connection with the original action before it had been terminated and without alleging that it had been terminated in her favor. Counsel concedes that the question is a novel one and that he is unable to find any authority to support his contention, except by inference or analogy based upon the rule that an action for unliquidated damages may be maintained as a counterclaim where the defendant on the counterclaim is insolvent or a nonresident of the state. But we do not think that because the plaintiff, defendant on the counterclaim, is a nonresident of the state is sufficient reason to warrant the court to modify the well-established and recognized rule in this and all other jurisdictions so far as we know, that to support a cause of action for malicious prosecution it must be alleged that the action had been terminated in favor of the plaintiff. It may be conceded that if defendant had or has a cause of action against the plaintiff for malicious prosecution, the denial of her right to main-

tain such action in connection with the present action before it had been terminated would result in inconvenience to her and perhaps in the loss of her right. But this would not be a novel or uncommon situation. It is not uncommon that people are inconvenienced or even deprived of an opportunity to assert a right against a nonresident because they may be unable to bring such nonresident before the court. But we are unable to perceive any reason for making a case like the present one an exception to the rule.

It is fundamental that no cause of action for malicious prosecution can accrue until there has been a final termination of the action upon which the action for malicious prosecution is based. This does not militate against the rule that one may maintain an action by counterclaim for unliquidated damages against a nonresident or insolvent party when such a right of action has actually accrued. In the present case defendant sought to maintain her action by counterclaim against the plaintiff in mere anticipation of a right which had not in fact accrued to her.

From what has been said it follows that the court erred in failing to sustain plaintiff's demurrer to the counterclaim, and the judgment must be, and is, reversed.

In reference to the appeal on the second case, application for a new trial, we think the petition stated a cause of action and that the court erred in sustaining the demurrer thereto.

For reasons indicated the judgment refusing a new trial is reversed as well as the judgment in favor of defendant, all of which is remanded for proceedings consistent with this opinion.

The whole court sitting.