## Jones v. Blankenship.

September 29, 1950.

James C. Carter, Judge.

Richard L. Garnett and Paul Carter for appellants.

A. P. Carter and T. L. Hatchett for appellees.

CLAY, COMMISSIONER—Reversing.

The lower court dismissed appellants' petition, contesting the will of W. N. Jones, on the ground the suit was barred by limitations under KRS 394.240.

Mr. Jones died in 1938, and his purported will was admitted to probate in the Monroe County Court shortly thereafter. Within eight months from the date of probate the petition in this action, constituting an appeal, was filed. Summons was duly issued thereon. Subsequently a warning order was made, as it appeared appellees were nonresidents. Depositions for appellants were taken in 1942. No further steps were taken in the case until December 2, 1946, when the following order was entered: "Upon motion of attorneys, the above styled cause is now filed away with leave to reinstate without notice." On August 4, 1948, on appellants' motion, the case was reinstated on the docket. By agreement of the parties, it was set for trial for April 11, 1949. On that day appellees for the first time filed their answer, and on the same day filed a motion to dismiss because the appeal had not been prosecuted within five years from the date of the will's probation. This motion was sustained, and the petition dismissed.

Appellees' argument, which was apparently accepted by the trial court, is that the order filing the cause away with leave to reinstate was in effect a dismissal of appellants' petition, and as the limitation period had by that time expired, the contest could not be reinstated. They rely principally on the case of Phillips v. Arnett, Administrator, et al., 164 Ky. 426, 175 S.W. 660. In that case it was held that when a cause is "filed away" it should be treated as a dismissal of the action without prejudice.

Accepting the correctness of that decision, without reconsidering it, it seems clear to us that filing away "with leave to reinstate without notice" has an entirely

different legal effect. This order, which is the one we have before us, on its face shows that no final judgment affecting the substantial rights of the parties was intended to be entered, and the case was simply taken off the court's regular docket as a matter of convenience. There are a number of criminal cases decided by this Court wherein we have held that an order filing a case away with leave to reinstate without notice has the legal effect of an indefinite continuance. See Commonwealth v. Bottoms, 105 Ky. 222, 48 S.W. 974; Miller et al. v. Commonwealth, 192 Ky. 709, 234 S.W. 307; Commonwealth v. Jones, 297 Ky. 534, 180 S.W.2d 558. In the civil case of Sebastian v. Rose, 135 Ky. 197, 122 S.W. 120, the same principle seems to be recognized.

It is our conclusion the order here involved did not constitute the dismissal of appellants' petition, and as the original action is still pending, the statute of limitations cannot be invoked as a bar to further proceedings therein.

Appellees insist, however, that no suit ever was actually commenced against them because they were nonresidents and the affidavit for the appointment of a warning order attorney was defective. It appears a summons was issued on the petition the day it was filed, July 31, 1939, and the sheriff made his return on December 4, 1939, setting out the fact that the defendant appellees had not been found, and that they all lived in Tennessee. On August 28, 1942, appellants filed their affidavit, upon which a warning order was issued. This affidavit stated that the defendant appellees were nonresidents of the State of Kentucky, ''and have been absent therefrom for more than four months.'' While this allegation of the affidavit does not contain the precise language of section 57, subsection 2, of the Civil Code of Practice, it sufficiently alleges facts which would authorize the issuance of a warning order. See Bushong, v. Bushong, 272 Ky. 474, 114, S.W.2d 735.

The question of whether or not the affidavit was defective is nevertheless immaterial. The action was commenced when the petition was filed, and a summons was issued in good faith. Title Ins. & Trust Co. v. City of Paducah et al., 275 Ky. 392, 121 S.W.2d 932. Proceedings thereafter could in no way extinguish this commencement date insofar as the statute of limitations

is concerned. It was, therefore, error for the trial **court** to dismiss appellants' petition on this ground.

The judgment is reversed for further proceedings.