Howard L. VAN ARSDALE, Appellant,

v.

Paul CASWELL, Appellee.

Court of Appeals of Kentucky.

March 14, 1958.

Raymond C. Arny, Louisville, for appellant.

Sal Pinto, Louisville, for appellee.

Herbert L. Segal, Louisville, amicus curiæ, for Kentucky Civil Liberties Union, Inc.

Raymond C. Stephenson, Louisville, for Louisville Police Officers Ass'n, amicus curiæ.

SIMS, Judge.

This is an appeal from a summary judgment holding that "filing away" a criminal warrant was not a final determination thereof in favor of appellant, Howard L. Van Arsdale, such as to support an action of malicious prosecution against appellee, Paul Caswell, who swore out the warrant.

On the afternoon of August 20, 1956, appellant in parking his car on a Louisville street struck one that appellee Caswell had in his possession. Appellant and appellee had an argument and appellee swore to a warrant against appellant charging him with driving a car while under the influence of intoxicants. In an hour or so members of the Louisville Police Department, when they went to serve this warrant on appellant in his home, were met by him with a gun in his hand. The officers placed an additional charge against appellant of pointing a deadly weapon.

When the two cases came on for trial on September 27, in the Louisville Police Court, Traffic Division, the warrant for driving an automobile while under the in-

fluence of intoxicants was "filed away." The charge of pointing a deadly weapon was amended to disorderly conduct and appellant was fined $25.

On November 30, 1956, appellant filed this suit against appellee for malicious prosecution, alleging appellee falsely, maliciously and without probable cause made oath before the clerk of the Louisville Police Court in which he charged appellant with "wilfully, feloniously, and unlawfully driving his automobile while under the influence of alcoholic beverages." Appellant asked $10,000 compensatory damages and $5,000 punitive damages. Appellee filed answer denying he maliciously or falsely charged appellant with drunken driving. He took appellant's deposition upon discovery and elicited from him that the warrant charging drunken driving was "filed away" in the police court. Appellee's motion for summary judgment was sustained and this appeal followed.

■ It is well settled in this state that before a suit for malicious prosecution may be maintained, the plaintiff must aver and prove the action alleged to have been maliciously prosecuted has finally terminated in his favor, which is a condition precedent to the maintenance of an action for malicious prosecution. Conder v. Morrison, 275 Ky. 360, 121 S.W.2d 930; Central Acceptance Corp. v. Rachal, 264 Ky. 849, 95 S.W.2d 777. See annotation, 135 A.L.R. 793; 34 Am.Jur. "Malicious Prosecution" (1957 Pocket Supplement) § 31, p. 90.

■ Appellant insists the order "filing away" the warrant for drunken driving finally disposed of same, while appellee earnestly contends it merely continued indefinitely the prosecution of the warrant.

■ Appellant chiefly relies on Aikman v. South, 97 S.W. 4, 29 Ky.Law Rep. 1201, and Phillips v. Arnett, 164 Ky. 426, 175 S.W. 660. In the first case Aikman had not been summoned in the original action, nor had he entered his appearance. The court gave judgment against the defendants before the court and in February 1888 entered an order that the case be "filed away." At the June term, 1888 a judgment was entered against Aikman enjoining him from cutting timber upon the land in dispute. Five years thereafter a contempt order was served on Aikman for cutting timber off the land and he immediately brought suit to set aside the judgment against him. The opinion [29 Ky.Law Rep. 1201, 97 S.W. 5] used some loose language such as "dismissed," "discontinued," "stricken from the docket," and "filed away," all mean one and the same thing—a final order dismissing the action. Then the court held the judgment against Aikman was of no effect "inasmuch as the case had been filed away at a former term of court, and had not been redocketed." Of course, if the order actually dismissed the case, then after the term expired the court was without jurisdiction to reinstate it on the docket at a subsequent term. Although the opinion in the Aikman case said the order "filed away" dismissed the action, yet it treated the order as an indefinite continuance (which it is) because the court held judgment could not be taken against Aikman without the case being redocketed. An order of dismissal is final and after the term at which it is entered [now after ten days], the court loses jurisdiction of the cause. Combs v. Deaton, 199 Ky. 477, 251 S.W. 638.

Phillips v. Arnett, 164 Ky. 426, 175 S.W. 660, quoted with approval the Aikman case that "filed away" was a final order of dismissal, yet such order was entered at the February term 1904, and the court approved the redocketing of the case on the appellant's motion in February 1910. It is hardly logical to say that a case dismissed in 1904 could six years later in 1910 be redocketed. So the Phillips opinion, like the one in the Aikman case, actually treated the "filed away" order as an indefinite continuance.

Goff v. National Rubber & Leather Co., 249 Ky. 363, 60 S.W.2d 944, in commenting

on the Aikman and Phillips opinions said that after a case has been "filed away" it may be reinstated on the docket. Taylor v. Com., Ky., 246 S.W.2d 981, 984 (a civil action to forfeit land), citing the Goff opinion as an authority, held that an order "striking a cause from the docket" does not dismiss it or result in a loss of jurisdiction, but merely removes the case from the active docket, and thereafter it may be reinstated and further proceedings in the case may be seasonably taken.

In Commonwealth v. Davis, 169 Ky. 650, 184 S.W. 1121, it was said the effect of an order to "file away" is to continue indefinitely the charge against the accused and to deny him a speedy trial as is guaranteed to him by the Sixth Amendment of the United States Constitution. Section 11 of the Kentucky Constitution guarantees to one accused of crime a "speedy public trial." An order to "file away" an indictment or criminal warrant over accused's objection would deprive him of this constitutional right.

It was said in Sebastian v. Rose, 135 Ky. 197, 122 S.W. 120 (a divorce case), that an order "filing away" was in effect keeping control of the case to be redocketed upon notice.

In Jones v. Blankenship, 313 Ky. 509, 232 S.W.2d 1019, 1020, it was said we have a number of criminal cases wherein it was written that an order "to file away with leave to reinstate without notice" has the legal effect of an indefinite continuance. We can see no difference between an order "filing away" and one "filing away 'with leave to reinstate without notice'," because actually after a criminal charge has been filed away it is never reinstated on the docket without notice to accused.

In Jones v. Com., 114 Ky. 599, 71 S.W. 643, 24 Ky.Law Rep. 1434, it was pointed out that the practice of "filing away" an indictment though never authorized by legislative enactment has long been the practice in this jurisdiction and it might be unwise to abrogate it all together. This Jones opinion states that a "filing away" order does not operate as a dismissal of the indictment but is only an indefinite continuance and an exoneration of the bail for appearance, unless the contrary should appear in the order; but that such a disposition of a criminal prosecution should never be made over accused's objection as it deprives him of his constitutional right to a speedy trial in violation of § 11 of the Kentucky Constitution. We there held an order "filing away" to be a final order for the purpose of appeal, otherwise an accused might not be able to enforce his constitutional right to a speedy trial.

■ Ordinarily a defendant in a criminal prosecution is happy to have the charge against him "filed away" as from a practical standpoint it usually means the end of a prosecution. However, it is error for the trial court to enter such an order over the objection of accused.

■ In the case at bar appellant appended to his reply brief a copy of what purports to be a motion he made in the police court asking that the "filed away" order be set aside and the charge of drunken driving against him either be dismissed or that he be given a trial thereon. However, no such motion appears in the record and the record is what confronts us in deciding a case and it cannot be supplemented by papers appended to a brief.

The amicus curiæ brief of the Louisville Police Officers Association vigorously argues trial courts are justified in "filing away" a warrant or indictment as it protects citizens and police officers from suits for malicious prosecution, since such an order indefinitely continues the case and prevents a final determination thereof. The answer to that argument is that the mere termination of a criminal prosecution does not give the defendant therein a right of action for malicious prosecution. He must allege and prove that he has been accused of a crime without probable cause.

The amicus curiae brief of the Kentucky Civil Liberties Union takes the position that one accused of crime should not be deprived of his constitutional right of a speedy trial just because he may file a malicious prosecution suit against his accuser if the criminal prosecution is finally terminated in his favor. To this we agree.

■ ■ We thus summarize our holding. An order "filing away" an indictment or a criminal warrant is not a final determination thereof but is an indefinite continuance of the case which may be reinstated on the docket upon reasonable notice at any time after such an order is entered. It is error on the part of the trial court to enter an order "filed away" over the objection of the accused who is entitled to have the indictment or criminal warrant against him either tried or dismissed. If the court should refuse either to try or dismiss the case and enter over accused's objection an order "filed away," then for the purpose of appeal the "filing away" order is final and an appeal may be taken therefrom. Should appellant Van Arsdale after due notice to the commonwealth attorney, or to the prosecuting attorney in the Louisville Police Court, Traffic Division, demand a trial upon the warrant charging him with drunken driving which was "filed away," the court either will grant him a trial or dismiss the warrant.

The judgment is affirmed.

MONTGOMERY, J., dissents.